## Anderson *v.* Sloan.

Bill of exceptions — *when necessary.* A motion for a new trial, and a motion to vacate a judgment, and affidavits in support thereof should be preserved in the record by bill of exceptions.

Sheriff's return — *amendment of.* A sheriff may amend his return to a summons by leave of the district court, after the record of the cause has been removed into this court.

Practice — *affidavits irregularly made.* Affidavits sworn to before the attorney of the party making them should not be received.

*Error to District Court, Arapahoe County.*

Mr. Alfred Sayre, for plaintiff in error.

Mr. J. Q. CHARLES, for defendant in error.

The chief justice did not sit in this case.

GORSLINE, J.  This was an action of trespass commenced by Sloan against Anderson and four others in the district court of Arapahoe county, but service of the summons was only had upon Anderson.  The summons was returnable on the first Tuesday of December, 1865, being the first day of the December term, and was returned by the officer as served on Anderson, December 13, 1865.  The cause was continued to the March term, at which term the default of the defendant was taken, and the plaintiff's damages assessed by a jury at $1,200 ; upon which final judgment was entered.  At the same term the defendant Anderson moved the court for a new trial, and also to vacate the judgment for reasons given, and which motions were based upon affidavits.  These motions were overruled.  As the decision of the court in overruling the motion for a new trial, and the reasons assigned by the defendant for vacating the judgment, and also the affidavit presented are not preserved in a bill of exceptions, they form no part of the record, and cannot be considered in this court.  *Van Landingham* v. *Fellows et al.*, 1 Scam. 233.  At the December term, 1866, of the district court, the plaintiff moved that the sheriff have leave to amend his return, so that it should appear that the summons was served on the 30th day of November, 1865, instead of December 13, 1865.  This motion was granted, and the return was amended accordingly.  The record, as amended, was returned into this court at the adjourned July term, 1867.  It is urged that the district court erred in allowing the sheriff to amend his return after writ of error sued out from this court.  We think not.  The cases are numerous where the misprisions of officers are allowed to be amended a long time after judgment and even when they were out of office.  *Moore* v. *Purple*, 3 Gilm. 149 ; *Leonard et al.* v. *Hughill*, 2 Scam. 361.

We conclude that there is no error in the record, and the judgment of the district court must be affirmed.

Several of the affidavits used on the hearing of the motions in the district court were sworn to before the attorney of the party making them. This practice is wrong, and the court should have rejected them.

The judgment of the district court is affirmed.

*Affirmed.*