GEORGE D. CRAGIN et al., Respondents, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Defendant contracted to transport a lot of hogs for plaintiffs from Buffalo to Albany. By the contract, in consideration of a reduced rate of freight, plaintiffs assumed the risks of injuries from heat, etc. Forty-three of the hogs died from the effects of heat, the result of the negligence of defendant's employes in not watering and cooling the hogs by wetting. In an action to recover damages,—*Held*, that as the common-law liability of carriers did not apply to live stock, but in the transportation thereof they were only liable for negligence, to give effect to the stipulation in the contract, it must be construed as exempting defendant from injuries by heat, the result of negligence, and that therefore defendant was not liable.

(Argued May term, 1872; decided September term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of plaintiffs, entered upon a verdict.

This action was brought to recover damages for the loss of forty-three hogs out of a lot of hogs transported for the plaintiffs by the defendant, from Buffalo to Albany, in June, 1858. The hogs died from the effects of heat, the result of the negligence of the defendant's agents in not watering, wetting, washing and cooling off said hogs on the way to their destination. It appeared that they were transported under a written agreement, signed by the agents of both

parties, which provided, among other things, as follows: "Now, in consideration that the said railroad company will transport such live stock at the reduced rate of eighty-five dollars per car load, the said Cragin & Co. hereby agree to take the risk of injuries which the animals or either of them may receive in consequence of any of them being wild, vicious, unruly, weak, escaping or maiming themselves or each other, or from delays, or in consequence of heat, suffocation or other ill effects of being crowded, either upon the cars· of the company, or on account of being injured by the burning of hay, straw, or any other material used by the drover for feeding the stock or otherwise, and from damage occasioned thereby, and also all risk, any loss or damage which may be sustained by reason of any delay in such transportation."

The court charged the jury that if they were satisfied from the evidence that the defendant, through its agents, was guilty of negligence in the manner in which the hogs were transported, they should find for the plaintiffs.

The defendant's counsel excepted to the judge charging the jury that the defendant was liable for negligence in respect to any of the matters of which the plaintiffs were, by their contract, to take the risk.

The defendant's counsel further requested the judge to charge the jury that the plaintiffs having, by their contract, agreed to take the risk of injuries which the hogs might receive from delays, or in consequence of heat, suffocation, or other ill effects of being crowded upon the cars, the defendant was not responsible for such injuries, though the same may have arisen wholly or in part from the omission or negligence of the defendant's servants.

The judge refused so to charge, and defendant's counsel excepted.

The jury returned a verdict for the plaintiffs for the value of the hogs, with interest. Upon this verdict judgment was entered.

*Henry Nicoll* for the appellant. A railroad company may, by express contract, restrict itself from any liability whatever

in transporting property. (*Lee* v. *March*, 43 Barb., 102, and cases cited; *McManus* v. *Lancashire and York R. W.*, 4 Hurl. & Nor., 328; *French* v. *Buff., N. Y. and Erie Co.*, 4 Keyes, 108; *Keeny* v. *Grand Trunk R. R.*, 59 Barb., 104.) Defendant's contract protects it from liability for the consequences of the negligence of its servants and agents. (*Bissell* v. *N. Y. C. R. R. Co.*, 25 N. Y., 442.)

*John C. Dimmick*, for the respondents. Under the contract defendant was liable for any damages sustained by the hogs by reason of negligence on its part. (*Smith* v. *N. Y. C. R. R. Co.*, 24 N. Y., 234, 235, and cases cited; *Alexander* v. *Greene*, 7 Hill, 533, 559; *Merchants' Bank* v. *N. J. Tr. Co.*, 6 How. U. S., 344; *Stoddard* v. *L. I. R. R. Co.*, 5 Sandf., 180; *Wells* v. *Steam Nav. Co.*, 4 Seld., 375.)

Earl, C. The rule of the common law makes a common carrier responsible for the safe carriage and delivery of property intrusted to his care, unless he be prevented by the act of God or of the public enemy. But this rule is not applied in its full extent to the carriage of live stock. (Angell on Car., § 214; *Clark* v. *The Rochester and Syracuse R. R. Co.*, 14 N. Y., 570; *Bissell* v. *New York Central R. R. Co.*, 25 id., 442; *Smith* v. *New Haven and Northampton R. R. Co.*, 12 Allen, 531.) In the transportion of such stock, in the absence of negligence, the carrier is relieved from responsibility for such injuries as occur in consequence of the vitality of the freight. He does not absolutely warrant live freight against the consequences of its own vitality. Animals may injure or destroy themselves or each other; they may die from fright or from starvation because they refuse to eat, or they may die from heat or cold. In all such cases the carrier is relieved from responsibility if he can show that he has provided all suitable means of transportation, and exercised that degree of care which the nature of the property requires. Therefore in this case it was not sufficient to establish the common-law liability of the defendant to show that the hogs

died from heat; but it was incumbent on the plaintiff to show further, that there was some negligence or omission of duty on the part of the defendant.

In this State it is well settled that a carrier may, by express contract, exempt himself from liability for damages resulting from any degree of negligence on the part of his servants, agents and employes. (*Lee* v. *Marsh*, 42 Barb., 102; *Keeny* v. *Buffalo and N. Y. Erie Co.*, 4 Keyes, 108; *Keeny* v. *Grand Trunk R. R. Co.*, 59 Barb., 104; *Bissell* v. *N. Y. Central R. R. Co.*, *supra*.) In some of the States it is held that a carrier cannot be exempted from responsibility for gross negligence. But so long as the freighter can insist that the carrier shall carry his property under the common-law responsibility, there can be no reason founded in justice, convenience or public policy why he may not voluntarily enter into a contract founded upon sufficient consideration exempting the carrier from all responsibility for any degree of negligence, whether it be gross or slight.

In this case, the plaintiffs assumed and agreed to take the risk of injuries to the hogs in consequence of heat. Effect should be given to this stipulation. The parties must be held to have meant something by it. In consideration that the plaintiffs would assume and take certain risks, which would otherwise devolve upon the defendant, it agreed to carry at a reduced rate. If it be held that this stipulation simply exempts the defendant from liability for injuries to the hogs from heat without any fault on its part, then it gets nothing; for in such case, without the stipulation, it would not be responsible. · Force and effect can be given to this stipulation only by holding that it was intended to exempt the defendant from negligence, in consequence of which, the hogs died from heat.

The judge at the trial, however, entirely ignored this special contract and put the case to the jury upon the defendant's common-law responsibility, charging that it was liable if they found it guilty of negligence in the transportation of the hogs. And he refused to the defendant any benefit

whatever from the special contract. In this I cannot doubt the learned judge erred.

The judgment should, therefore, be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.