# ROBERT D. NOLEMAN

*v.*

# JACOB P. WEIL.

1. SERVICE OF SUMMONS *by a special deputy must be by copy as well as by reading.* A special deputy, appointed under the act of 1869, is required to serve a summons in a case at law by reading the same to the defendant, and by delivering to him a copy.

2. PRACTICE—*when return of service is defective should be amended, or the cause continued for service.* Where the return of a special deputy upon a

summons in a case at law shows service only by reading, it should be amended to show that a copy was delivered to the defendant, if such is the fact, and if not, then the return should be quashed and the cause continued, for the purpose of getting service. In such a case, the defective service is no cause for dismissing the suit.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. CASEY & DWIGHT, for the appellant.

Mr. HENRY C. GOODNOW, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought in the Marion circuit court. The summons was in the usual form. The sheriff indorsed on the back thereof an appointment of Thomas R. Ord, as special deputy, to serve the writ. He made this return of service:

"I have served the within writ, by reading the same to Jacob P. Weil, this 1st day of August, A. D. 1873.

H. R. HALL, *Sheriff.*
By T. R. ORD, *Special Deputy.*"

At the return term, a motion was entered to quash the return, which the court sustained and dismissed the suit, and, thereupon, plaintiff appealed to this court.

The single question presented is, whether the court erred in quashing the return. There seems to be no objection to the manner in which the special deputy was appointed, nor the manner in which he signed the return. The 2d section of the act of 1869, p. 399, provides, that "the person so appointed shall have power and authority, and is hereby required, to serve any such summons issuing in a case at law, by reading the same to the defendant or defendants, and delivering to such defendant or defendants a copy thereof. Writs issuing in cases in chancery shall be served in the same manner as the sheriff is now required, by law, provided that such special deputy shall make return of the time and manner of making such ser-

vice, in writing, verified by his oath or affirmation, made before some officer now competent to administer oaths."

This return is fatally defective, in not showing that a copy of the summons was delivered to the defendant. It is expressly required by the statute, and the return, to be sufficient, should show, on its face, that the requirements of the statute have been performed, at least substantially. If such a copy was delivered, then the sheriff should, by the special deputy, have, on leave of court, amended the return to conform to the facts. If no such copy was delivered, then the service was not what is required by the statute, and the cause should have been continued, for the purpose of obtaining sufficient service before a judgment could be taken. The statute has made the requirement, and the command must be obeyed.

There is no assignment of error for dismissing the suit. Had there been such an assignment, the judgment would have been reversed, as the fact that a return of service is defective is no ground for a dismissal of the suit, which should, in such case, be continued.

The judgment of the court below is affirmed.

*Judgment affirmed.*