MARTIN et al. *v.* SKEHAN.

PROMISSORY NOTE — *of the right of a surety to compel proceedings by the holder against a principal maker.* The holder of a promissory note being requested by a surety to proceed against the principal maker, and failing to do so, if the principal maker afterward becomes insolvent the surety is exonerated. *Pain* v. *Packard,* 13 Johns. 174.

PRACTICE — *of the affidavit of merits under the act of* 1874. The act of 1874 (10 Sess. 61) which requires a defendant to file an affidavit of merits before pleading is imperative, and if, in a case within the statute, pleas are filed without such affidavit, they may be disregarded.

The affidavit cannot be sworn before the attorney of the defendant. *Anderson* v. *Sloan,* 1 Col. 33. An affidavit in support of a motion to set aside a judgment previously entered, although the defense be set forth in it, is not an affidavit of merits; such affidavit cannot be incorporated in another paper filed for another purpose. It must be made distinctly as an affidavit of merits, and should be so indorsed.

*Of setting aside a judgment and admitting defendant to plead.* A judgment *nil dicit* may be set aside at the term in which it was rendered, and the defendant may be allowed to plead by the first day of the next term.

Under the circumstances exhibited in the record, although the defendant had
not put in a proper affidavit of merits, the cause was remanded, with direc-
tions to allow the defendant to plead upon filing such affidavit.

### *Error to Probate Court, Arapahoe County.*

THE action was founded upon a promissory note. The
pleas referred to in the opinion were first filed June 9, 1874.
On the 15th day of that month they were stricken from the
files on motion of plaintiffs; and, on motion of defendant,
leave was granted him to file an affidavit of merits, and to
refile the same pleas. Defendant then put in an affidavit of
merits, which appeared to have been sworn before A. Q.
MacGregor, a notary public, on the 1st day of June, 1874,
and refiled the same pleas, together with an additional plea.
Mr. MacGregor appeared of record as an attorney of defend-
ant. June 20, 1874, the pleas were, on plaintiff's motion,
stricken from the files, and judgment *nil dicit* was entered.
The damages having been assessed, final judgment was
entered June 24, 1874. On the 26th of the same month, and
at the same term, defendant again appeared, and moved the
court to vacate the judgment which had been entered in the
cause and allow him to plead therein, which was allowed
upon the payment of costs. In support of this motion the
defendant made affidavit setting up his defense substantially
as in the pleas. On the 29th day of June, 1874, being of the
same term, the costs having been paid, the judgment was
vacated and time was given the defendant to plead until the
first day of the next term, which convened the following
week. Plaintiffs excepted to this, and also the previous
orders allowing the defendant to plead. The pleas were
filed again July 2, 1874, and on the 6th of that month plain-
tiffs were ordered to reply to them. Plaintiffs not having
replied, judgment was entered against them on the 7th of
the same month. When the pleas were last filed no affida-
vit of merits was put in. It was contended, in this court,
that the affidavit in support of motion to vacate judgment
should be regarded as an affidavit of merits. The pleas are
sufficiently stated in the opinion.

Mr. L. B. France, for plaintiffs in error.

Mr. W. S. Decker, for defendant in error.

Brazee, J. The rulings excepted to in the court below, assigned for error, as stated in the abstract, are as follows: The probate court erred in overruling the motion of plaintiff in error for judgment *nihil dicit*, filed July 12, 1874. Also, in permitting the defendant, Patrick A. Skehan, to refile said pleas after the motion to strike out the same had been sustained. Also, in vacating the judgment rendered in favor of the plaintiffs, and in permitting the defendant, Patrick A. Skehan, to plead in said action, and in continuing said cause for that purpose. Also, in ordering the plaintiff to reply to said pleas of said Patrick A. Skehan. Also, in rendering the judgment, as appears of record, in favor of the said Patrick A. Skehan, and against the said plaintiff, and also, for other errors in the record and proceedings.

The action is in assumpsit, brought upon a joint and several promissory note made by the defendant and Pierce Skehan, Pierce not having been served with process. The defendant plead,

First. The general issue.

Second. That he was a surety for Pierce Skehan, the principal debtor, as the plaintiff well knew, and shortly after the note in suit matured, and on the 10th day of July, 1873, he notified and requested the plaintiffs to forthwith proceed and collect the note of Pierce Skehan, but the plaintiff neglected and refused to do so, and Pierce Skehan became insolvent in the following January, and unable to pay his debts; that the plaintiffs might, by diligence, have collected their demand of Pierce Skehan at any time before January, 1874, who, up to that time, was in good circumstances, able to pay said indebtedness, and by the plaintiffs' laches, the defendant lost the indemnity which he would have had, if the plaintiffs had been diligent in the premises.

Third plea substantially like the second, with an additional averment that upon the alleged notice and request aforesaid being made, the plaintiffs agreed to look to Pierce Skehan for the money due on the note, and exonerated and discharged the defendant from the payment thereof.

The first question we consider is, whether the defense set up by the special pleas is, in law, good. The authorities upon this question are not uniform. The case of *Briggs* v. *Bank, etc.,* 10 Peters, 266, 267, and 14 id. 201, cited by the counsel for plaintiffs to show the defense untenable, was an action brought upon an obligation under seal, which recited that the defendant was a principal, and the court held that he was estopped by this recital in his deed from contradicting it, and distinguished that case from *Paine* v. *Packard,* hereinafter referred to. The question in the case of *Taylor* v. *Beach,* 13 Ill., arose in action upon a contract to deliver broom brush, and we do not think it in point. The headnote in the case *Ex parte Babcock,* 3 Story's C. C., tends to sustain plaintiffs' position, but the case, as appears in the opinion, presented a very different state of facts from the facts alleged in the special pleas at bar. In that case, Kendall was the holder of a bill of exchange, drawn by Leonard upon Babcock, and indorsed by Leonard to Kendall. Babcock was an accommodation acceptor, but that fact was not known to Kendall at the time of his taking the bill, while in the case at bar, the pleas allege that the plaintiffs knew, at the time the note was made, the defendant was an accommodation maker. The only other case upon this point cited by plaintiffs' counsel is, *Executors of Dennis* v. *Pedee,* 2 McLean, which holds to the doctrine contended for here, in a court of law, but also holds that, under the circumstances of that case, similar to this, the surety would be entitled to relief in equity.

On the other hand, there are authorities which sustain the doctrine maintained by the defendants' counsel respecting the question under consideration, which authoritatively decide that facts like those set up in the pleas at bar constitute a defense at law. See *People* v. *Jansen,* 7 Johns., and

*Paine* v. *Packard*, 13 id. The last case is treated as an authority in the case in 10 Peters, referred to, for the court do not question its authority, but distinguish it from *Briggs* v. *Bank, etc.*

The above cases of *People* v. *Jansen* and *Paine* v. *Packard* have been cited to this day as authority in the State of New York, which perhaps is more largely interested in commercial paper than any other State in the Union. The same doctrine prevails in Massachusetts. 21 Pick. 195.

Accordingly, we hold the plea in question set forth a defense at law.

Having arrived at this conclusion, we hold that the rulings of the court below respecting the orders assigned for error were not improvidently granted in the exercise of a sound legal discretion, provided an affidavit of merits was filed at the proper time, because those orders in letting in a meritorious defense, disclosed by the pleas, were in furtherance of substantial justice, and not in law erroneous. It is true, that, in setting aside the plaintiffs' judgment and permitting the pleas to be filed the first day of the next term, the discretion of the court was extended to its extreme limit, yet the delay occasioned thereby was very slight; it is not clear that the plaintiffs lost a trial, and probably did not lose a trial thereby.

Error cannot be predicated upon the orders referred to, and the subsequent granting judgment to the defendant upon his pleas, provided a proper affidavit of merits was filed, before the pleas were filed upon which the judgment was rendered. The statute of this Territory (Laws of 1874, p. 61) provides that a defendant, in such a case as this, "before he shall be permitted to plead," shall file an affidavit of merits. This is not a rule of practice, but an imperative law which must be complied with, and admits of no discretion being exercised in respect to pleas before an affidavit of merits is filed. The affidavit of merits, so called, filed in this case, sworn to before one of the defendant's attorneys in this cause, we think, under the decision of this court in *Anderson* v. *Sloan*,

1 Col. 33, which we regard as salutary, cannot be recognized by this court, and must be rejected.

The affidavit made by the defendant, upon which his motion to set aside the plaintiffs' judgment was founded, was made and filed for that purpose, and cannot be regarded as an affidavit of merits, and thus be made to serve a double purpose. It is a general rule that an affidavit made and used for the purpose of one motion cannot be made to serve as the foundation for another. An affidavit of merits in the technical sense is a document on the files which has a peculiar office to perform — to advise the court that the defendant verifying it has, as he verily believes, in good faith, a defense upon the facts, and not to disclose what that defense is; to prevent a default and not to set a default aside; to entitle a party to file as of right, his plea, and not to invoke the grace of the court for leave; it should be indorsed with the title of the cause, and as an "affidavit of merits," so that it can readily be discovered on the files; it should never be ambushed in some other paper, filed and indorsed for another purpose to appear upon occasion to the surprise of court and counsel. The affidavit upon which the judgment was set aside, while it, if true, discloses a meritorious defense, was not filed as an affidavit of merits in the cause, and the office of an affidavit of merits is not claimed for it by the defendant's counsel. There being, then, no affidavit of merits filed before plea in this cause, it follows that under the statute the defendant's pleas were not rightfully upon the files of the court below at the time the judgment was entered upon them; the judgment is, therefore, erroneous and must be vacated. But, inasmuch as the pleas disclose a defense at law, the court will not let the defendant suffer by reason of mistakes his attorneys may have made in practice; he should have leave in the probate court upon this cause being remanded to it, to file an affidavit of merits and thereupon plead over.

The judgment of the court below is reversed and remanded to the probate court of Arapahoe county for the further proceedings herein expressed.                *Reversed.*