# INDIANAPOLIS AND ST. LOUIS RAILWAY COMPANY
## v.
# ELLIOTT D. JUREY.

1. COMMON CARRIER OF ANIMALS—LIABILITY.—The liability of a common carrier as to animals is essentially different from his liability as to inanimate property. In the former case he is bound to furnish cars of sufficient strength, skillful employes, and to exercise that degree of care which the nature of the property requires, but he is not an insurer of animals against injuries or death caused by their nature, which could not be guarded against by foresight and vigilance.

2. LIMITING LIABILITY BY CONTRACT.—The statute prohibits a common carrier from limiting, by contract, its liability to deliver the goods safely at their destination; but in this case, if the carrier was guilty of no negligence, it was not liable at common law, and the contract in that regard is not within the statute, and prohibited thereby.

APPEAL from the Circuit Court of Edgar county; the Hon. J. W. WILKINS, Judge, presiding. Opinion filed January 18, 1881.

Mr. JOHN T. DYE and Mr. C. V. JAQUITH, for appellant; that common carriers are not liable for damage occasioned by the vitality of the freight, cited Cragin v. N. Y. C. R. R. Co. 51 N. Y. 61; Penn. v. Buffalo & Erie R. R. Co. 49 N. Y. 204; O. & M. R. R. Co. v. Dunbar, 20 Ill. 623.

Nor for losses caused by the vice of the thing carried. Lawson's Contracts of Carriers, 6.

The contract in this case precludes a recovery: Ill. Cent. R. R. Co. v. Frakenburger, 54 Ill. 88; Field v. C. & R. I. R. R. Co. 71 Ill. 458; Adams Ex. Co. v. Haynes, 42 Ill. 89; Tyler v. W. U. Tel. Co. 60 Ill. 421.

As to the limit of liability of common carriers of animals: Lawson's Contracts of Carriers, 17; Kimball v. Rutland R. R. Co. 26 Vt. 247; Agnew v. The Contra Costa, 27 Cal. 425; Atchison R. R. Co. v. Washburn, 5 Neb. 117; Kansas, etc. R. R. Co. v. Reynolds, 8 Kan. 623; Kansas, etc. R. R. Co. v. Nicolls, 9 Kan. 235; Ritz v. Penn. R. R. Co. 3 Phila. 82;

Mynard v. Syracuse, R. R. Co. 13 Alb. Law. Jour. 431; German v. Chicago etc. R. R. Co. 38 Ia. 127; McCoy v. Keokuk R. R. Co. 44 Ia. 424; Wilson v. Hamilton, 4 Ohio St. 722; Welch v. Pitts. R. R. Co. 10 Ohio St. 65; South Ala. R. R. Co. v. Hurlein, 42 Ala. 606; Rixford v. Smith, 52 N. H. 355; Evans v. Fitchburg R. R. Co. 111 Mass. 142; E. Tenn. R. R. Co. v. Whittle, 27 Ga. 535.

Messrs. BISHOP & McKINLAY, for appellee; that the carrier must deliver the property safely, excepting only the act of God and the public enemy, cited M. S. & N. Ind. R. R. Co. v. Day, 20 Ill. 376; C. & A. R. R. Co. v. Shea, 66 Ill. 471; Mer. Dis. Trans. Co. v. Thirlbar, 86 Ill. 71; U. S. Ex. Co. v. Hutchins, 67 Ill. 348; Mer. Dis. Trans. Co. v. Smith, 76 Ill. 542.

The common law liability of a carrier to deliver animals is not different from that where the delivery of merchandise is concerned: St. L. & S. E. Ry Co. v. Dorman, 72 Ill. 504; I. B. & W. Ry Co. v. Strain, 81 Ill. 504; C. & A. R. R. Co. v. Erickson, 91 Ill. 613; Mynard v. Syracuse R. R. Co. 71 N. Y. 180; Smith v. R. B. Co. 12 Allen, 531; Kansas Pac. Ry Co. v. Nichols, 9 Kan. 235; Welsh v. P. Ft. W. & C. R. R. Co. 10 Ohio St. 65; Evans v. Fitchburg R. R. Co. 111 Mass. 142; Harris v. Northern, etc., R. R. Co. 20 N.Y. 232; Powell v. Pa. R. R. Co. 32 Pa. St. 414; Clark v. Rochester R. R. Co. 14 N.Y. 750.

A common carrier cannot be exempted from losses or injuries occasioned by negligence on its part: Erie R'y Co. v. Wilcox, 84 Ill. 239; Oppenheimer v. U. S. Ex. Co. 69 Ill. 62; Ill. Cent. R. R. Co. v. Adams, 42 Ill. 474; Graham v. Davis, 4 Ohio St. 362; Boscowitz v. Adams Ex. Co. 93 Ill. 523; N. J. Nav. Co. v. Mer. Bank, 6 How. 344; Mer. Dis. & Trans. Co. v. Comforth, 3 Colo. 280; R. R. Co. v. Lockwood, 17 Wall. 357.

Where the acceptance of property is special, the burden is still upon the carrier to show there was no negligence on its part: Shriver v. Sioux City R. R. Co. 24 Minn. 506; Bissell v. Price, 16 Ill. 408; Davidson v. Graham, 2 Ohio St. 131; Whitesides v. Russell, 8 W. & S. 44.

HIGBEE J. It appears from the bill of exceptions in this case that appellee, in January, 1880, shipped on appellant's

road a car load of horses and mules from Paris, Illinois, to East St. Louis. Appellee went with and took charge of his stock. Before leaving Paris he discovered that one of his mules was down in the car, having kicked one of its feet through the slats three feet and a half above the floor. Appellee immediately informed the conductor, and they pushed a slat back, released the mule's foot, and the slat sprung back to its place; the mule got up soon after the train started.

Appellee says in his testimony that when the train arrived at Mattoon the mule was on its feet, but that it was bloated and diseased, and when they arrived at Litchfield it was dead.

Appellee made no complaint to the conductor of any defect in the car, and when it arrived at St. Louis it was inspected and found to be in good condition.

The stock was shipped under a written contract, by which appellee agreed to go with it, to feed, water and take care of the same at his own expense and risk, and to assume all risk of injury or damage, and that the company should not be liable for loss by jumping from the cars, delays of trains, or any damage said property should sustain, except such as might result from a collision, or when cars should be thrown from the track in course of transportation.

Appellee does not complain of any negligence on the part of appellant, in his evidence, nor does he base his right of recovery on any such grounds in his brief filed in this cause, but he insists that appellant, as a common carrier, is an insurer for the safe delivery of the property, and as such answerable for every loss which cannot be attributed to the act of God or the public enemy; and that this is a common law liability which the statute prohibits the company from limiting by contract.

That this is the correct measure of the liability of a common carrier of merchandise or of inanimate property, admits of no doubt; but it is well settled by the weight of authority, both in England and in this country, that the liability of the common carrier of animals is essentially different.

The carrier is bound to furnish cars of sufficient strength, skillful employes, and to exercise that degree of care which the nature of the property requires, but he is not an insurer of ani-

mals against injuries or death caused by their nature, which could not be guarded against by foresight and vigilance.

In the transportation of animals, in the absence of negligence, the carrier is relieved from responsibility for such injuries, as occur from or in consequence of the vitality of the freight.

He does not warrant live freight against the consequences of its own vitality.    Hutchinson on Carriers, Sec. 218; Wharton on Law of Negligence, 616.

And he is relieved from liability if he can show that he has provided all suitable means of transportation, and exercised that degree of care which the nature of the property requires. Craigan v. The Railroad, 51 N. Y. 61.

The case of St. L. & S. E. Ry. Co. v. Dorman, 72 Ill. 502, to which we are referred, is not in conflict with what is here said.    In that case the loss was sustained in consequence of a defective car, and what is there said must be understood as applying to the facts then before the court.

The statute forbids the carrier from limiting his common law liability to deliver the goods safely at their place of destination by any stipulation or limitation expressed in the receipt given for the property.

If appellant was guilty of no negligence, it was not liable at common law for the non-delivery of the animal, and the contract in that regard is not within the statute and prohibited thereby.

But aside from the contract, we think it appears *prima facie* at least that appellant was not guilty of negligence contributing to the loss of the mule, and, therefore, not liable for the non-delivery thereof.    Appellee was in charge of his stock and he did not complain of the car, the means of transportation, or the conduct of the persons in charge of the train.    It does not appear that the mule got its foot between the slats by any defect in the car, or that that was the cause of its death.

Appellee's case rests principally upon his own testimony, yet he does not attribute the loss of his mule to any negligence of appellee's, but says it was bloated and diseased at Mattoon, and soon after died.    He does not say that this was the result

of the mule getting his foot between the slats at Paris, or of any injury received while on the car, but claims that the law charges appellant as an insurer for its safe delivery the same as for merchandise or inanimate property.

Such we think is not the law as applied to this species of property.

The judgment is reversed and the cause remanded.

Reversed and remanded.