GILBERT POTTER, RESPONDENT, *v.* THOMAS R. SHARP, RECEIVER, ETC., OF THE LONG ISLAND RAILROAD COMPANY, APPELLANT.

*Negligence — when a bill of lading does not relieve the carrier from the consequences of*

A bill of lading which provides that live stock will only be taken at the owner's risk of injury during the loading thereof, unless specially agreed to the contrary, does not exempt the carrier from liability for injuries sustained by a horse while being put upon the car, if the injury be occasioned by the negligence of the carrier in furnishing unsafe and insufficient accommodations for receiving it.

APPEAL by the defendant from a judgment entered upon a verdict, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover the value of plaintiff's horse, which was killed while plaintiff's agent was endeavoring to lead the horse into one of defendant's cars for shipment; the plaintiff claiming that the death of the horse was due to the defendant's negligence in failing to provide proper accommodations for shipment of horses, and also to the negligence of the engineer in allowing steam to escape from the engine and thereby frightening the horse.

It appeared on the trial that plaintiff's agent, before undertaking to put the horse aboard, paid the freight and took from defendant's station agent a receipt or bill of lading conditioned as follows: "Live stock * * * will only be taken at the owner's risk of * * * injury during the course of transportation and the loading or unloading thereof, unless specially agreed to the contrary."

*Edward E. Sprague*, for the appellant.

*Charles R. Street*, for the respondent.

GILBERT, J.:

We think that the case was properly disposed of at the Circuit.

The horse was killed while being delivered on board the car and not in the course of transportation. The rule of liability is not as stringent before the delivery is complete, as afterwards. The duty

of the carrier is to furnish accommodations for the delivery of freight, animate and inanimate, which are reasonably sufficient for that purpose if used in a reasonable way. (*Loftus* v. *Union Ferry Co.*, 22 Hun, 33.) The case was submitted to the jury in accordance with that principle. The evidence is not before us, but it is stated in the case that the plaintiff gave evidence to show that the accommodations for loading the horse were insufficient; that there was a lack of care and prudence on the part of defendant's agents in respect thereto; that the accident happened without fault or negligence on the part of the plaintiff, and that the defendant gave contradictory evidence. It is needless to say that the verdict of the jury has settled those questions of fact.

The defendant, however, insists that the acceptance by the plaintiff's agent, who attended to the delivery of the horse, without objection of a bill of lading with printed conditions on the back of it, one of which was that " live stock will only be taken at the owner's risk of injury during the loading thereof, unless specially agreed to the contrary," exempted the defendant from liability, except for personal negligence. The answer to this argument is that the verdict of the jury establishes the fact that the loss happened in consequence of actual negligence on the part of the defendant, in providing accommodations for receiving the horse which were insufficient, because they were unsafe. Nothing short of an express agreement will release a common carrier from liability arising from negligence. Assuming that the receipt of the bill of lading created a contract between the parties (*Hill* v. *S. B. and N. Y. R. Co.*, 73 N. Y., 351), yet the defendant gave no consideration for the exemption claimed, nor did the contract refer in express terms to a loss happening by reason of insufficient accommodations for loading the horse. A stipulation exempting the defendant from liability arising from such a cause will not be implied from the general language which is contained in the contract between the parties. (*Mynard* v. *S. B. and N. Y. R. Co.*, 71 N. Y., 180, and cases cited.) In this case and in the case of *Cragin* v. *New York Central Railroad Company* (51 N. Y., 61), the contract provided that the animals should be transported at a reduced fare, and it referred to the particular injury which caused their death. Such a contract is quite different in language and in legal effect from the one before us.

These remarks 'render a discussion of particular exceptions unnecessary.

·The judgment and order should be affirmed, with costs.

DYKMAN, J., concurred ; BARNARD, P. J., not sitting.

Judgment and order denying new trial affirmed, with costs.