FRYBARGER ET AL. v. McMILLEN.

SERVICE BY PUBLICATION BASED ON INSUFFICIENT AFFIDAVITS.— An
affidavit for the publication of a summons against an absent party
which does not state that a cause of action exists against the defend-
ant, or that the defendant is a necessary or proper party to the ac-
tion, is insufficient to warrant an order of publication. An affidavit
for such purpose, sworn to before the attorney of the plaintiff, should
not be received. Courts acquire no jurisdiction through publication
based on such affidavits.

*Error to Bent County Court.*

Messrs. KRIGER & NICHOLAS and J. W. HORNER, for plaint-
iffs in error.

Messrs. H. CHADEAYNE and McKINLEY & MORRIS, for de-
fendant in error.

RICHMOND, C.   On the 18th day of May, 1887, plaintiff
below, defendant in error herein, filed his complaint in the
county court of Bent county to enforce a lien for material
of the value of $240.56 furnished defendants in the con-
struction of a certain building in the town of Carlton, Bent
county.   On the same day plaintiff filed the following affi-
davit, which, omitting the title, is in words and figures as
follows:
   "John M. McMillen, being duly sworn, upon oath states
that the defendants in the above cause reside out of the
state of Colorado, and where plaintiff cannot find them to
secure personal service on them in this case.   He therefore
asks that the court grant an order for the publication of
the summons in this case according to section 44, chapter 3,
of the Code of Colorado.   [Signed] JOHN M. McMILLEN.
   "Subscribed and sworn to before me this 17th day of May,
A. D. 1886.   H. CHADEAYNE, Notary Public."
   The above notary public was attorney for plaintiff in the
cause.   Upon this affidavit order of publication was entered,
and proof of publication subsequently made.   Thereafter,

on the 13th day of July, 1887, default and final judgment was entered against the defendants for the sum of $218.83, with costs, and a lien decreed for this amount upon the building. On the 8th day of August, 1887, defendants, by their attorney, A. M. Nicholas, appeared generally, and filed a motion to vacate the judgment and for leave to answer. August 13, 1887, motion was overruled. To reverse this judgment this writ of error is prosecuted.

It has been repeatedly decided by this court that, when constructive service by publication is wholly relied upon to give jurisdiction over the person of a non-resident defendant, a compliance with the statute must affirmatively appear of record, even in courts of superior and general jurisdiction. The affidavit above recited does not state that a cause of action existed against defendant, or that he was a necessary or proper party to the action. It was therefore radically defective and insufficient to warrant the court in entering the order of publication. The affidavit, having been made before the attorney of plaintiff, should not have been received by the court. *O'Rear v. Lazarus*, 8 Colo. 608; *Calvert v. Calvert, post*, p. 390; *Martin v. Skehan*, 2 Colo. 614.

It is needless to cite authorities in support of this position, or to extend the opinion in support of our conclusion. The court had no jurisdiction through the publication of a summons based upon the affidavit; the judgment should have been vacated, and defendants allowed to answer. The judgment should be reversed and the cause remanded with directions to vacate the judgment and permit defendants to answer the complaint.

REED and BISSELL, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment of the court below is reversed.

*Reversed.*