Bissell, P. J.,
delivered the opinion of the court.
This action was brought by Thorpe and Davis against Perry as the owner, and Miller as the contractor, to enforce a mechanic’s lien. They were subcontractors, and sued to collect some two hundred and thirty-eight dollars due them for materials furnished and used in putting up the structure. The complaint charged that the contract was originally made with one Kiefer, from whom Miller acquired his interest, who subsequently became, by virtue of an assignment and an assumption of the contract with the consent of the owner the sole party interested. There was no controversy concerning the facts, which established the furnishing of materials by Thorpe and Davis and their value. The case was tried to the court, which rendered judgment as prayed, and it is of this judgment that Miller and’the Penys complain.
The bulk of the assignments of error is based on the insufficiency of the evidence to support the judgment, and some alleged technical inaccuracies in the plaintiffs’ pleading. There are two ample reasons for refusing to consider or decide any questions based upon a consideration of the pi’oof which supports the judgment, or the extent of the evidence offered to maintain any of the controverted facts. First the case was tried by the court, which rendered judgment for the plaintiffs, and its findings upon these disputed questions are almost universally accepted as conclusive. If we were disinclined to rest the case upon this hypothesis, we must insist that the appellants are without right to raise any controversy concerning the evidence, because it is not joreserved by a bill of exceptions duly authenticated. It has been invariably held by all appellate tribunals that a bill of exceptions, duly signed and sealed by the judge, and made a part *561 of the record by his order, is a condition precedent' to the right to ask for a review of the judgment as to any questions of fact involved in the litigation. These two considerations dispose of most of the assignments of error, and they will not otherwise be either argued or considered.
The defendants asked leave to amend their pleading in the court below and obtained an order for the purpose, which, however, was not absolute, but upon terms that the defendants pay the then accrued costs. The appellants are quite right in their claim that the power which the code gives to the court to permit amendments should be broadly and generously exercised to further the interests and protect the rights of litigants. The nisi prius court, however, is given 'the power to' affix conditions to. whatever order it makes in response to the application, and unless its discretion in this particular has been abused, the action will not be one on which error may be predicated. We cannot discover that the court erred 'in respect of this matter.
The Lien Statute of 1889 is attacked as being unconstitutional and . against public policy. The argument contains much reference to'the House and Senate Journals, and many statements with reference to the progress of the bill through the two bodies. We discover nothing of this sort in the ree,ord. ' No question was-made about it in the court below,- and as this court has heretofore done, it will under these circumstances decline to discuss or consider the question of the constitutionality of the act. The criticisms and arguments directed against the complaint because of its technical inaccuracies are not properly presented. If the pleading were open to demurrer because of these alleged defects, advantage should have been taken of it in the court below, and the question cannot for the first time be raised here, since it cannot be successfully contended that the pleading fails to .state facts sufficient to constitute a cause of action. These are. the only matters which are properly before the court under the record as filed. As before stated,-' no.sufficiently authenticated bill of exceptions has- preserved, the,-evidence, and we- are without ' ' *562 the right to question the judgment because of the inadequacy of the proof. If this were not true the contentions of counsel respecting it are not well based, and in what purports to be a bill of exceptions there is enough evidence on all the disputed questions of fact to entitle the court to find with the plaintiffs and to enter its judgment accordingly. This the court did.
There is no error apparent in the record, and the judgment will accordingly be affirmed.

Affirmed.