[No. 5240.]

[No. 2864 C. A.]

THE PHOENIX INDEMNITY COMPANY v. GREGER.

1. Venue—Motion to Change—Motion Overruled—Waiver by Going to Trial.

Where, in a case in which the court had jurisdiction of the subject-matter, the defendant company's motion for a change of venue was overruled, and afterwards both parties voluntarily appeared and went to trial without objection, although the ruling might have been erroneous and the court divested of jurisdiction in accordance with § 27 of the code of 1887, still by such action the parties reinvested the court with jurisdiction, and the defendant waived his right to the change of venue.—P. 195.

2. Appellate Practice—Bills of Exception—Matters Properly Included—Venue—Application for Change Based on Evidence Aliunde the Record.

Where a motion for a change of venue is not based on the pleadings, the supporting and opposing affidavits and the objection to the ruling thereon and the exception thereto must each and all be preserved by a bill of exceptions, since copying these documents in the court journals, and authenticating them as entered in the clerk's minutes, do not make them part of the record, nor can such method take the place of a bill of exceptions or operate as a substitute therefor, and under such circumstances the denial of the change of venue cannot be reviewed on appeal.—P. 196.

13

*Appeal from the County Court of Lake County.*
*Hon. R. D. McLeod, Judge.*

Action by Oli Greger against The Phœnix Indemnity Company. From a judgment for plaintiff, defendant appeals.                    *Affirmed.*

Mr. M. B. CARPENTER, for appellant.

Mr. LOUIS E. MARTIN, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This action was brought in the county court of Lake county to recover upon an accident insurance contract. In apt time the defendant filed a motion for a change of the place of trial to the county court of Arapahoe county, upon the grounds that the defendant corporation has its principal place of business in, and is a resident of, the county of Arapahoe, and was such at the time of the commencement of the action and service of the summons, which service was made in the county of Arapahoe upon the president of the defendant; and that the contract sued upon was made and entered into between the parties in the county of Arapahoe, and was to be performed there, and at no other place.

This motion was not based upon the complaint, or any other pleading, as grounds for the change. The facts set up in the motion are supported, it is said here, by an affidavit of the president of defendant company, and resisted by plaintiff's counter-affidavit. The court overruled the motion, whereupon the defendant asked for and obtained leave to file an answer, which it did, to which the plaintiff filed a replication. Afterwards the parties appeared in court,

and the defendant, without objection, consented to have the cause set down for trial on a day certain, at which time its counsel voluntarily appeared, and without objection to the jurisdiction of the court entered upon the trial which resulted in a judgment for the plaintiff.

The sole ground urged for a reversal is the alleged error of the court in refusing to change the place of trial, the contention being that under section 27 of the code of 1887, the filing of the affidavit divested the court of jurisdiction to proceed further in the cause except to make an order directing the change of the place of trial in accordance with the defendant's request.

There are two reasons why the contention of the defendant is not tenable:

1. In *Christ v. Flannagan*, 23 Colo. 140, it was decided that when the court granted defendant's application for a change of the place of trial, it thereby surrendered its jurisdiction over the particular case then before it, but when the parties thereafter voluntarily appeared and went to trial without objection, they thereby reinvested the court with jurisdiction, although no formal order setting aside the previous order changing the place of trial was made. The principle of that decision is applicable to the facts of this case. Here the court denied the defendant's application for a change of venue, and if it be conceded that this ruling was erroneous, still when the parties thereafter voluntarily appeared and went to trial without objection, they reinvested the court with jurisdiction. The subject-matter of the action was clearly within its jurisdiction, and the parties voluntarily entered a general appearance. The defendant could waive its privilege to the change, and by subsequently appearing and participating in the trial without objection did so.

2. Moreover, the defendant is not in a position to urge this objection. Its motion for a change of venue was not based upon any pleading in the case. Its right to the change depended upon the existence of facts which must be shown, if at all, by evidence *aliunde* the record. It endeavored, so counsel says in his brief, to prove the facts set up in its motion by an affidavit, and the plaintiff filed a counter-affidavit. Where the correctness of the ruling of the trial court depends upon the existence of a fact not part of the record proper, evidence of that fact must be presented by a bill of exceptions. A motion to change the place of trial, when not based on the pleadings, as in *Burton v. Snyder,* 21 Colo. 292, the supporting and opposing affidavits, the objection to the ruling thereon and the exception thereto, must each and all be preserved by a bill of exceptions. Though the defendant asked time in which to file a bill, it did not do so. Copying these documents in the court journals, and authenticating them as entered in the clerk's minutes, do not make them parts of the record. This method cannot take the place of a bill of exceptions or operate as a substitute therefor. These questions have been repeatedly ruled in this jurisdiction. Among others, the following cases are cited: *Wike v. Campbell,* 5 Colo. 126; *Rutter v. Shumway,* 16 Colo. 95; *German Nat. Bank v. Elwood,* 16 Colo. 244; *Jordan v. People,* 19 Colo. 417; *Miller v. Thorpe,* 4 Colo. App. 559; *Solomon v. Saly,* 6 Colo. App. 170; *Schlacks v. Johnson,* 13 Colo. App. 130; *Duncan v. Thomas,* 17 Colo. App. 522.

The judgment is affirmed.        *Affirmed.*

Chief Justice Steele and Mr. Justice Gabbert concur.