[No. 7011.]

## NELSON v. CHITTENDEN ET AL.

1.   PLEADING—*Complaint—Action to Vacate Judgment*—A complaint seeking to annul a judgment previously recovered by the defendants, quieting title to lands, alleging plaintiff's ownership of the lands, and that in the cause in which the judgment was rendered "no summons was ever served on them or either of them," is sufficient to withstand a general demurrer.

2.   ——*Demurrer—Party Limited to Causes Assigned*—Defendant demurs to the complaint, assigning the third and sixth grounds of demurrer specified in the code.   On error he will not be heard to question the jurisdiction of the court for want of the averment as to the amount in controversy required by sec. 1527 Rev. Stat.   To permit the jurisdiction to be thus questioned for the first time in the court of review would deprive plaintiff of the right to amend granted by the code.

3. ——*Amendment*—The provisions of the code allowing the amendment of pleadings (Rev. Code sec. 79-81) are to be liberally construed for the advancement of justice.

4. APPEALS AND WRITS OF ERROR—*Questions Not Presented Below*— The court of review will not affirm a decree for the want of a jurisdictional averment in the complaint, where the question was not presented in the court below, and the alleged defect is one which, if the question had been there suggested, might have been cured by amendment.

An objection raised for the first time in the court of review is regarded with disfavor, even though it be one which the code permits to be raised at any time.

5. SUMMONS—*Service—Who May Serve*—The provision of the code (Rev. Code sec. 39) that the summons shall be served by the sheriff, his deputy, "or any person not a party to the action" does not authorize service by the plaintiff's attorney.

A judgment recovered upon such service may be vacated by an action brought directly for that purpose.

*Error to Washington County Court.*—Hon. IRA M. BARNHOUSE, Judge.

Mr. PHILO B. TOLLES, Mr. THOMAS D. COBBEY, for plaintiffs in error.

Mr. JOHN F. MAIL, for defendants in error.

Mr. JUSTICE HILL delivered the opinion of the court:

This action was brought by plaintiffs in error to set aside a decree (of the county court of Washington county) against them in favor of the defendants quieting the title to certain lands.

The complaint, among other things, alleges, that the plaintiffs now are, and for more than twenty years have been, residents of Denver, well known, etc.; that they are the owners of the land; that the time allowed within which to secure relief in the former action had expired prior to the time the plaintiffs had notice of its existence; that they have no adequate remedy at law; that the former proceedings and judgment are null and void and of no effect for the following reasons:

"First. No summons was ever served upon the plaintiffs, or either of them.

"Second. The pretended or alleged service of summons, if made, was made by a person incompetent to serve the same—namely, by Egbert More, one of the attorneys for the plaintiffs in said action.

"Third. At the time of the alleged and pretended service of summons; there was no summons in existence," etc.

The defendants demurred on two grounds:

First, that said petition does not state facts sufficient to constitute a cause of action.

Second, that said complaint shows on its face that there is another action pending.

The second ground for demurrer appears to be waived.

The allegation that "no summons was ever served upon the plaintiffs, or either of them" coupled with the other statements in the complaint, states a cause of action sufficient to defeat a general demurrer. Counsel for defendants does not question this, but contends that the judgment should be affirmed for another reason, viz., because there is no averment in the complaint that the value of the property in controversy, or the amount involved for which relief is sought, does not exceed $2,000. He contends that under general section 1527, Revised Statutes, 1908, such an allegation, or its equivalent, is a jurisdictional averment, and without which the complaint does not state facts sufficient to give the county court jurisdiction. We have no contention with this position; but it was not embodied in this demurrer; it was limited to the causes stated in the third and sixth grounds provided by the code. Had the judgment been for the plaintiffs on this complaint it would have to be reversed for this reason.—*Home et al. v. Duff et al.*, 5 Colo. 574; *Learned v. Tritch et al.*, 6 Colo. 432.

The question of the jurisdictional averment is raised here for the first time. The plaintiffs' right to amend their complaint is granted by the code, which is to be liberally construed for the purposes of promoting the ends of justice. In

such cases as this, where the jurisdictional averment is absent when the question is raised, the court will allow the defect to be cured by amendment.—*The Southwestern Land Company v. The Hickory Jackson Ditch Company,* 18 Colo. 489.

Had this question been raised in the trial court and application to amend been denied with no further showing than disclosed by this record, we would have been compelled to hold that such refusal was an abuse of discretion. Yet, to affirm this judgment for this reason is to prevent the plaintiffs from having the opportunity of curing this defect by amendment when it is first raised.

Whether the former judgment, or the land, is the subject-matter of the action, is a question unnecessary to determine; in either event there is nothing in the record to show that the jurisdictional allegation can not truthfully be made, or that the court would not have had jurisdiction, had it been embodied in the complaint.

In *Schilling et al. v. Rominger,* 4 Colo. 100, 106, it is said,

"This court will not reverse a decree upon a point which the court below was given no opportunity to pass upon, and where the objection, had it been made in the court below, might have been obviated, as is apparent from the record might have been done in this case." The principle is applicable when applied to the affirmance of this judgment. This objection, had it been made, might have been obviated.

In *Toothaker v. City of Boulder,* 13 Colo. 219, 223, applying this principle, where the complaint failed to state a cause of action, this court said:

"* * * conceding that the complaint does not state facts sufficient to constitute a cause of action, and that objection for such causes may be raised at any time, it is clearly a misnomer in cases of this kind to classify such an objection as one against the jurisdiction of the court. If defendant's counsel are of opinion in any case that the complaint does not state facts sufficient to constitute a cause of action, they may

demur, or raise the question in any appropriate way at any time, and the court may correctly sustain the objection; still, it does not necessarily follow that the court is thereby ousted of its jurisdiction, for the complaint may be amended as to be sufficient; or, even if that can not be done, still the court may have jurisdiction of the subject-matter as well as of the parties, and in such case may render a valid judgment dismissing the action."

We think this principle applicable here. If the question had been raised, that the complaint fails to disclose that the county court had jurisdiction of the subject-matter, that fact, when decided, did not of itself, oust the court of jurisdiction for the reason that the complaint was subject to amendment, the plaintiffs had the right to amend and allege, if they could, that the court did have jurisdiction over the subject-matter.

In *Mulock v. Wilson*, 19 Colo. 296, at page 300, it is said,

"An objection made for the first time in an appellate court is viewed with judicial disfavor, even though the objection be one which the code permits to be raised at any time."

In *Miller v. Thorpe*, 4 Colo. App. 559, 561, it is said, "the power which the code gives to the court to permit amendments should be broadly and generously exercised to further the interests and protect the rights of litigants."

In *Harris v. Harris*, 9 Colo. App. 211, the court held that under the provisions of the code, the power to amend the pleadings in the discretion of the court continues until after the evidence is concluded; the limitation being that the amendment shall not bring a new cause of action.

In *Crosby v. Woodbury*, 37 Colo. 1, at page 13, it is said:

"A judgment may be affirmed upon a ground other than that which influenced the trial court, and should not be reversed merely because it is based upon a wrong reason. If, however, it appears that a wrong reason adopted by the trial court prevented the defeated party from properly presenting

his case, or prejudiced his rights, then the error of the court should be corrected on review. Appellate courts should be careful to prevent injustice resulting from the affirmance of a judgment upon a question not presented to the trial court, or which it ignored, and which might have been avoided had attention been directed to it. A question raised for the first time on appeal is not favored. Hence, an appellate court should not ordinarily affirm a judgment which is erroneous, as tested by the reasons assigned for its rendition by the trial court, upon a ground involving a question of pleading or fact not fully developed at the trial, and to which attention of neither court nor counsel was called, when the affirmance might result in a miscarriage of justice."

This announcement of well recognized principles is specially applicable. In the court below the defendants demurred upon two grounds, neither of which was well taken. The court sustained the demurrer upon one of the reasons assigned. The defendants concede that the reasons assigned were not good, but they now assign a third ground for demurrer, the first provided by our code, and in substance now contend that we should, for this reason, affirm the judgment, because had this third ground for demurrer been presented in the trial court it would have been good, but that they will raise it here for the first time because they have a right to, and which will thus prevent the plaintiffs from having any opportunity to amend.

We concede when it is proper to be considered that the demurrer is well taken, and had it been presented to the trial court, would unquestionably have been sustained, but in which case plaintiffs would have been given the right to amend.

Had the judgment attempted to dispose of the subject-matter on this complaint, we would be compelled to reverse it for this reason; but, under the circumstances of this case, where the question was not raised in the court below, for us to now entertain and sustain this contention and for this reason affirm the judgment, would be to defeat the plaintiffs'

right to amend their complaint. This would be in direct conflict with the spirit of our code practice. Following the reasons announced in the cases heretofore cited, we would not be justified, for this reason, in affirming the judgment and thus prevent the plaintiffs from having the opportunity to amend their complaint when this question is first raised.

In holding the complaint good as against a general demurrer, we do so solely upon the allegation that "no summons was served upon the plaintiffs, or either of them." In view of a new trial, we deem it proper to consider the second question, viz., can the plaintiffs' attorney in the action serve the summons, if not, can a default judgment entered on such a service be set aside in another action for that reason?

In *Toenniges v. Drake et al.*, 7. Colo. 471, it was held that the service of a summons by a plaintiff in the cause is void, and a judgment entered in the absence of the defendant and upon such service is open to attack. The plaintiff was specially appointed by the sheriff; the code provision then in existence provided that the summons should be served by the sheriff, or by his deputy, or by a person specially appointed by the sheriff. It was contended that the plaintiff, not being prohibited from serving his summons by the statutes, that the authority conferred upon the sheriff to specially appoint a person to serve a writ authorized him to appoint the plaintiff. This reasoning was held unsound.

This court has three times held that affidavits sworn to before the attorney of the party making them should not be received in the case.—*Anderson v. Sloan,* 1 Colo. 33; *Martin v. Skehan,* 2 Colo. 614; *Frybarger v. McMillen,* 15 Colo. 349.

In the case last cited it was held that the court had no jurisdiction through the publication of a summons based upon such an affidavit. None of these cases are based upon any statutory prohibition. The first was decided in 1867, the last in 1890, between which dates the code of 1887 was adopted, of which general section 39, Revised Code, 1908, reads:

"The summons shall be served by the sheriff of the county where the defendant is found, or by his deputy, or by any person not a party to the action. When the summons is served by the sheriff, or his deputy, it shall be returned with the certificate of the officer of its service to the clerk or attorney who issued the same. When the summons is served by any other person it shall be returned as before provided, with the affidavit of such person of its service."

Construed in connection with the prior opinions of this court, that a litigant could not serve his own summons nor an attorney swear his client to a paper to be used in the case, was the language used intended to be given such a liberal construction as to allow anyone to serve the summons, other than a party to the action, meaning thereby a person who was either a plaintiff or defendant? If such were the case, then a minor would be authorized to make service of a summons and proof thereof by affidavit. This question was passed upon in the case of *Gilson et al. v. Kuenert,* 15 S. D. 291, under a similar statute which reads, "the summons may be served by the sheriff of the county where the defendant may be found, or by any other person not a party to the action." It was held, although there was not statute so stating, that a person who serves a summons must be over twenty-one years of age.

In *White v. Haffaker,* 27 Ill. 349, it was held that a solicitor in a case cannot act as a special master to execute the decree.

In *Rutherford v. Moody,* 27 S. W. (Ark.) 230, it was held that service of summons by plaintiff's attorney is void, he not being a disinterested party.

The opinions pertaining to attorneys are based upon public policy and the principles of the common law, and not upon any statutory prohibition.

These were well recognized rules when the section of our code was adopted, and from its language we are of opinion it was never intended to authorize the service of sum-

mons by the attorneys in the case. This section should be construed with other sections of the code adopted at the same time; one authorizes the attorney to issue the summons; had it been intended that he could make service of it, we think the section above quoted would have specifically so stated; but, to the contrary, the legitimate inference in the last portion of the section is to the effect that it was never so intended, for the reason, it provides that when the summons is served by any other person than the sheriff or his deputy, it shall be returned to the clerk *or attorney who issued the same with the affidavit of such person of its service.* Hence, to assume that it was intended that the attorney could make the service, would be to say that the legislature has instructed that after he made it he return it to himself with his affidavit thereon showing such service.

The only consistent conclusion that we can come to is that the words "or by any person not a party to the action" were intended to mean any other person competent to make the service, which, of necessity, excludes the attorneys in the case, they being incompetent, for that reason, minors, as held by the supreme court of South Dakota, etc., or that under the circumstances in which the language is used, the attorney is to be considered to that extent as being a party to the action.

We have carefully considered the case of *First National Bank v. Estenson,* 70 N. W. (Minn.) 775, wherein it is held that the plaintiff's attorney is authorized to serve the summons under section 5197, Gen. St. (Minn.) 1894, which reads,

"The summons may be served by the sheriff of the county where the defendant is found, or by any other person not a party to the action; and the service shall be made, and the summons returned and filed in the clerk's office, with all reasonable diligence."

This decision, while based in part upon this section, appears principally to be upon the practice in that state, which, as stated, had never been construed as forbidding the service

of a summons by plaintiff's attorney. The court, in passing
upon it, said, that public policy forbade that they should now
repudiate this practical construction and hold that the attor-
ney of record of a party cannot serve his summons. The case
is further distinguishable from the one at bar in this, that the
section of their code makes no provisions that the summons,
when served, shall be returned to the attorney who issued it.
The Minnesota act further provides that the summons must
be subscribed by the plaintiff or his attorney.

From the time of the adoption of our present code, so
far as we are advised, it has never been construed as authoriz-
ing the service of a summons by the plaintiff's attorney. In-
deed, this seems to be the first case in which it has ever been
attempted. We think that the language of the statute forbids
that we should now hold that an attorney of record can serve
his summons.

Having determined that the attorney of record was
without authority to serve the summons, can a default judg-
ment bet set aside in another action for that reason?

In *Wellington v. Beck,* 29 Colo. 73, it was held that a
*scire facias* or summons to hear errors issued by the clerk of
this court must be directed to the sheriff of the county where
the defendant in error resides or may be found, and no other
person than the sheriff or his authorized deputy has authority
to serve such summons; that an attempted service of such
summons made by a person not authorized by law to make
such service is a nullity, and that unless a summons to hear
error is served, as by law required, or such service is in some
way waived, this court is without authority to render judg-
ment against a defendant in error. The suing out of a writ of
error is the institution of a new suit. We see no distinction
between the service of a *scire facias* to hear errors in this
court, and the service of a summons under the code; each
must be made in the manner provided by law, and unless so
made, or unless such service is in some way waived, a judg-
ment entered thereon is at least subject to this kind of an at-

tack.—*Clark & Freeman v. Patterson,* 58 Ver. 676; *Bush v. Meacham,* 53 Mich. 574; *Singletary v. Carter,* 21 Am. Dec. (S. C.) 480; *Lea et al. v. Fox et al.,* 89 Ill. 226; *Filkins v. O'Sullivan et al.,* 79 Ill., 524; *Noleman v. Weil,* 72 Ill., 502; *Witt v. Kaufman,* 25 Tex. Sup. 384; *Hickey v. Forristal et al.,* 49 Ill. 255.

For the reasons stated, the judgment is reversed and the cause remanded with instructions that the demurrer raised here for the first time pertaining to the absence of the jurisdictional averment be, by the trial court, sustained, with leave to the parties to amend their pleadings as they may be advised.                                        *Reversed.*

Decision *en banc.*

Mr. JUSTICE WHITE dissenting.

CHIEF JUSTICE CAMPBELL not participating.