## No. 9730.

### Weir v. Campbell.

1. Bill of Exceptions—*When Necessary.* On motion, sustained by affidavit the answer was stricken out as sham. And judgment was given for plaintiff. No bill of exceptions was taken, nor was there any agreed record on error.

2. Practice—*Answer Stricken—Judgment.* Where, the answer being stricken out, defendant in no manner attempts to amend, or to answer over, judgment for the plaintiff was proper.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Mr. James P. Wilson, Mr. Andrew Whitehead, for plaintiff in error.

Mr. Clarence M. Hawkins, Mr. Horace N. Hawkins, for defendant in error.

Opinion by Mr. Justice Allen:

This is an action in unlawful detainer, instituted in a justice court in the City and County of Denver and transferred to the District Court where, on August 29, 1919, the plaintiff's complaint and the defendant's answer were lodged and filed. On October 31, 1919, the plaintiff filed a motion to strike the defendant's answer from the files, upon the ground that such answer is a sham pleading. On November 17, 1919, upon a hearing, this motion was sustained by the trial court, whereupon a judgment was rendered in favor of the plaintiff. The defendant has sued out a writ of error, and the cause is before us upon his application for a supersedeas.

It is first contended by the plaintiff in error, defendant below, that the court erred in sustaining the motion to strike. This is a matter which is not properly reviewable by this court, in this case, for the reason that there is no bill of exceptions on file here, nor any agreed record on error, preserving the evidence upon which the trial court acted in sustaining the motion which, it is admitted on either side, was heard and determined upon affidavits. In

this connection, the defendant, in his reply brief, asserts that "there was no trial," and apparently concedes the existence of the general rule that evidence introduced on a trial is not a part of the record, and will not be consid-- ered upon a writ of error, unless embodied in a bill of exceptions. The defendant does not concede that the rule is applicable here, but we find no reason why it should not be. The trial was of a motion, instead of upon the merits of the controversy, but the rule above mentioned is nevertheless still applicable. In 4 C. J. 140, sec. 1759, it is said that "affidavits and other evidence on the hearing of a motion must be brought into the record by bill of exceptions, * * * to obtain a review of the court's rulings." This rule has been applied by this court where the motion heard was one for a change of venue. We refer to the case of *Servant v. McCampbell*, 46 Colo. 299, 104 Pac. 394, where, as in the instant case, the affidavits relating to the motion were copied into the record but not incorporated into a bill of exceptions. In complete harmony with the text above quoted from Corpus Juris is also the case of *Phoenix Indemnity Co. v. Greger*, 39 Colo. 193, 88 Pac. 1066. The trial court's action in sustaining the plaintiff's motion to strike will, therefore, not be reviewed.

It is further contended by the plaintiff in error that it was error for the court to render a judgment in favor of the plaintiff upon the striking of the defendant's answer. The defendant, after his answer was stricken out as sham, did not ask leave, or in any manner attempt, to amend, file a new answer or otherwise plead over. The court therefore properly rendered judgment for plaintiff, upon her verified complaint, even though there was no formal motion interposed by plaintiff for a judgment upon the pleadings.

The application for a supersedeas is denied and the judgment is affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.