Arnold and Jemison v. Wynn.

---

ARNOLD AND JEMISON v. JAMES M. WYNN, Administrator, &c.

A writ cannot be properly executed by a coroner or a justice of the peace, unless it is directed to him as such for that purpose.

IN error from the circuit court of Lowndes county; Hon. F. M. Rogers, judge.

The facts are contained in the opinion of the court.

*James T. Harrison* for appellants.

1. Judgment was taken by default upon process directed to the sheriff of Lowndes county, and executed by " J. K. Pierce, J. P. and acting coroner."

Judgment, without service of process, is illegal and void. 5 How. 688; 1 S. & M. 351; Ib. 521; 7 Ib. 85; 2 Ib. 286; 2 Cushm. 188; Ib. 648.

A joint judgment bad as to one is bad as to all. 1 How. 527; 4 S. & M. 737; 6 How. 517; 2 Ib. 786; 2 Cushm. 485; 14 Johns. R. 417; 1 Denio, 537; 1 Iredell, Law Rep. 482.

In what cases process shall be directed to a justice of the peace. Hutch. Code, 458, § 18.

To authorize a justice of the peace to execute process, it must be directed to him *eo nomine;* and if a coroner levies an execution directed to the sheriff, he becomes a trespasser. · *Pope and Hickman* v. *Stout,* 1 Stew. 375; *Adams* v. *Parker et al.* 3 Ala. R. 727; *Gresham* v. *Leverett,* 10 Ib. 384; *Governor, use, &c.* v. *Lindsay et al.* 14 Ib. 660; *Bowen* v. *Jones,* 13 Iredell's Law R. 25; *Carlisle* v. *Weston,* 21 Pick. 534; *Kittridge* v. *Bancroft,* 1 Metc. 508; *Sewall* v. *Bates,* 2 Stew. 462; *Wood* v. *Ross,* 11 Mass. 271; *Hart* v. *Huckins,* 6 Ib. 399; *Case* v. *Humphrey,* 6 Conn. 139; *Burne* v. *Thomas,* 2 Johns. 190; 5 Mass. 372; 10 Ib. 344; 19 Verm. (4 Washb.) 348; 3 East, 155; 8 Ib. 547.

*Crusoe* for appellee.

Our statute provides that " an execution, writ, or other process, appearing to be duly served in other respects, shall be deemed good, though it be not directed to any sheriff." Hutch. Code, 843, § 95.

And that no judgment shall be reversed, for any defect in the writ, which might have been taken advantage of by demurrer, &c., and no judgment entered *nil dicit* or *non sum informatus* shall be reversed, for any omission or fault which would not have been a good cause to reverse a judgment, if there had been a verdict, &c. Hutch. Code, 848, §§ 91, 92, 93, 99.

2. That process is directed to the wrong officer cannot be taken advantage of in error after judgment by default. *Sawyer* v. *Price,* 6· Ala. R. 285; *Dudley* v. *Cannalt,* 1 Murph. 349. And defect in writ cannot be taken advantage of except by plea. 1 Brevard, R. 459; *Jordan* v. *Bell,* 8 Porter, 52; *Ford* v. *Bank at Decatur,* 6 Ala. 286.

3. Process directed to the sheriff and served by the coroner, will be intended after judgment by default, to have been received by the sheriff and executed by the coroner after a vacancy in the office of sheriff. *Adams* v. *Parker,* 3 Ala. R. 727.

And in 6 Ala. 286, it is held by the court " that the form of the process, and the irregularity of its execution, can only be taken advantage of by plea in abatement." See cases there cited. See also *Henry* v. *Halsey,* 5 S. & M. 573.

Arnold and Jemison *v.* Wynn.

Mr. Justice FISHER delivered the opinion of the court.

The writ in this case was directed to the sheriff of Lowndes county, but it was returned executed by J. K. Pierce, J. P., (seal) acting coroner. Upon this return a judgment final by default was taken against the plaintiffs in error, and it is now insisted that the judgment is void for want of proper notice.

It is doubtful in which character the person executing the writ acted; whether as a justice of the peace or as a coroner. Giving to the letters " J. P." their usual signification, we must suppose that he acted as a justice of the peace; and this conclusion is greatly strengthened from the fact that the seal comes immediately after these letters, and the words " acting coroner" follow the seal.

But it is not, perhaps, very important as to which office the party held, or in which he intended to act. He could only execute and return the writ when directed to him. He could only act as coroner when the sheriff was disqualified to act, and could only act as a justice of the peace when the sheriff and coroner were both disqualified, or in case of a vacancy in the office of coroner. The writ itself must be directed to the officer either as a justice of the peace or as coroner; otherwise he has no power to execute it. The rule may be different as to the sheriff, because it is appropriately within his line of duty to execute all writs returnable into the circuit court. His return is conclusive evidence upon the parties to the record as to the facts which it contains, especially when the facts are such as he could legally return.

Not so, however, in regard to a writ executed by the coroner or justice of the peace, unless it is directed to the one to execute it.

It is only under special circumstances that either can perform the duties of sheriff. *Primâ facie* they have no such power. When, however, they or either may be required to act, the writ itself must be properly directed. It is from the writ that they derive their power; and if it is directed to the sheriff, it is at once conclusive that neither the coroner or justice of the peace can execute it, because it contains the usual command to the officer whose duty it is by law to execute and return it.

The return in this case contains no legal evidence of service, because the act was not one which the pretended officer was required to perform; and, consequently, it cannot be treated as the act of a sworn officer.  It is not an official act, and is, therefore, no evidence of service.

Judgment reversed, and cause remanded.