BARLEY & WIFE, Respondents, v. TIPTON, Appellant.

1. A justice of the peace rendered a judgment against A. and B. A. dying, an execution was issued and levied upon certain property as the property of B., and the constable sold the same. Previous to the issuing of the execution by the justice, A. had sold and conveyed said property to C. *Held*, in a suit by C. against the constable to recover damages for a wrongful levy, in which suit it was assumed that A. had title to the property at the time of his transfer to C., that the defendant was not in a position to make out a defence by showing that A. had transferred the property to C. with a view to defraud his creditors.

2. A constable who levies upon and sells property under an execution not directed to him and illegally in his hands, may be treated as a mere trespasser; the constable must derive his authority from the justice who rendered the judgment or his successor in office.

*Appeal from Montgomery Circuit Court.*

This was an action against the defendant, Jonathan Tipton, a constable of Monroe township, Lincoln county, to recover damages for an alleged wrongful levy upon certain hogs. The facts briefly are as follows : One Thomas Money, in January, 1849, executed a bill of sale, which was duly recorded, conveying certain hogs to his sister Catherine Money, afterwards married to David Barley and plaintiff in this suit. In June, 1849, on the day of, or the day after, the death of Thomas Money, one McKee obtained a judgment before John Reed, a justice of the peace of Hurricane township, Lincoln county, against Thomas Money and Anna Money. Execution was immediately issued against both defendants and certain hogs were levied upon and sold as the property of Anna Money. The hogs sold were a portion of those embraced in the above mentioned bill of sale to Catherine Money. The execution issued was directed to the constable of Hurricane township. This constable afterwards returned the execution not satisfied. The justice renewed the execution, and at the risk and request of the plaintiff authorized Joseph Sitton to execute and return the same. The execution afterwards, in some unexplained manner, came

into the hands of Joseph Hardesty, a justice of the peace of Monroe township, in said county. He renewed the same for sixty days, and authorized Jonathan Tipton, the defendant, to execute and return the same. Tipton executed the writ as above stated. The court struck out that part of the answer in which the defendant attempted to justify the alleged trespass under the authority of the execution, and in which he set up that the bill of sale by Thomas Money to Catherine Money was executed in fraud of the rights of the creditors of Thomas Money.

The court instructed the jury as follows: " The bill of sale read in evidence passed the title to a lot of hogs to Catherine Money ; and if the jury find that a portion of said hogs were taken by defendant, they will find for plaintiffs the value of the pork so taken."

There was a verdict for plaintiff.

*E. A. Lewis*, for appellant.

I. The instruction given was erroneous. It assumed too much and took the case out of the hands of the jury. There was no proof of title in Thomas Money when he executed the bill of sale to Catherine. Nor was his ownership admitted in the pleadings. The defendant levied on the hogs as the property of Anne Money. It should have been left to the jury to determine whether Thomas Money was the owner at the time of the execution of the bill of sale; whether, considering all the circumstances of the sale, it ever was completed even as between the parties.

II. The court erred in striking out of the defendant's answer the allegations touching the judgment and execution and defendant's acts as constable under the same, and the acts of Catherine Money pending the levy and sale which operated as an estoppel to her afterwards seeking to invalidate the official acts of the defendant. (Story on Ag. § 91 ; Story on Eq. § 192, 385 ; 6 Ad. & El. 474; 18 Barb. 435.) It does not appear from the constable that he derived his authority from a justice of the peace of a different township

from that in which the judgment was rendered. The legal presumption is that the constable received the execution from the justice that rendered the judgment.

III. The court erred in rejecting the testimony offered to show that the bill of sale was designed as a mere blind to deceive creditors.

*Henderson* and *Hunt*, for respondents.

NAPTON, Judge, delivered the opinion of the court.

The main effort in this case, on the part of the defendant, the failure of which is complained of, was to get in his proofs of the fraudulent intentions of Thomas Money in making the bill of sale to his sister, the plaintiff. The difficulties in the way of such a defence as this appear to be insurmountable. The execution, which defendant had in his hands, was against Thomas Money and Anna Money ; but Thomas Money was dead, and had been long before the execution was renewed. So far as Thomas Money was concerned, the paper was a nullity, and this property could not be reached in that way. If the execution is to be treated as a valid one against Anna Money, and a justification is attempted to be set up under it in that view, then the fraud of Thomas Money is foreign to the case ; so that, in either view of the defence, no ground is laid for an attack upon the conveyance from Thomas Money to his sister, the plaintiff.

The instruction given by the court, that the bill of sale from Thomas to Catherine Money conveyed the title to the hogs levied on, was doubtless occasioned by the previous decisions of the court, not only in excluding all testimony tending to impeach this transaction for fraud, but all the documentary proof of a valid execution. The defendant was regarded in the light of a naked trespasser.

The instruction goes very far in taking from the jury all consideration of the title of Thomas Money, or of Anna Money, if she ever had any ; but, under the circumstances and facts in evidence, we can not say that the instruction could possibly have injured the defendant.

There was no evidence to show title in Anna Money, the person against whom the execution could only have been directed or levied. There was no evidence offered in the case on either side to show that Anna Money had ever set up any claim to this property, or had ever exercised acts of ownership over it, or had ever been in possession of it; on the contrary, the title of Thomas Money previous to his transfer to his sister was not a controverted point in the case. Both sides conceded it; the plaintiff assumes it as the source of her title; and the defendant's evidence throughout was all based upon the same assumption, and was therefore aimed to establish that Thomas Money had transferred the title to plaintiff for the purpose of defrauding his creditors. For the purposes of this trial, therefore, it can not be said that the court committed an error in giving an instruction which disregarded and left out of view any hypothesis based upon a claim of title, or the existence of title, at any time in Anna Money. Had there been any controversy in this point, such an instruction might have been improper, and certainly would have been improper, were it not for another difficulty which the defendant had to encounter in his defence. The execution which the defendant had in his hands was issued originally by a justice of the peace of Hurricane township, and was directed to the constable of that township; whereas the defendant was constable of Monroe township, and it appeared upon the face of the execution that he had no authority to execute it. The execution seems to have been renewed, after its first return unsatisfied, by the justice who first issued it, and put into the hands of one Joseph W. Sitton. Then it appears to have fallen into the hands of a justice of Monroe township and by him put into the hands of defendant, who was constable of that township, to be executed. It should have appeared that the last named magistrate was the successor of the one who originally renewed it; but not only does this not appear positively, but the contrary is shown by the papers; for the successor of Reed, the first justice in Hurricane township, who issued

execution, is the justice who certifies the papers, and he is a different person from the person who, as justice of Monroe township, undertakes to authorize the defendant to execute the writ.

So that, in every view of the case, the defendant stood before the court as a mere trespasser. The only defence which, under such circumstances, seemed to be available was, that the plaintiff had no title; but as he was not in a condition to dispute the validity of the transfer from Thomas Money to her, and offered no evidence to show that Anna Money ever had any title, and in fact conceded, by his attempted defence, that Thomas Money did have the title previous to his sale to the plaintiff, this ground was a very shadowy and narrow one, and was in truth utterly cut off by the mere proof of possession in the plaintiff. Judge Ewing concurring, judgment affirmed. Judge Scott absent.