SOPHRENIUS M. HICKEY

*v.*

JOHN FORRISTAL *et al.*

49   255
25a  349
49   255
29a  123
49   255
139  571
41a  367
49   255
157  218
49   255
174  206
49   255
181  311

1.  WRITS—*when directed to a constable—and executed by a city marshal.* Under a *capias ad respondendum*, issued by a justice of the peace of La Salle county,

256                HICKEY *v.* FORRISTAL *et al.*                [Sept. T.,

Opinion of the Court.

and addressed, " to any constable of said city," one P was arrested by K, as city marshal of La Salle. H entered himself as special bail, and afterwards, judgment was rendered against P, and execution issued thereon against H, as provided by statute ; whereupon, he filed a bill in chancery to enjoin the levy of the execution, on the ground that, under the writ, the marshal had no authority to make the arrest : *Held*, that H was entitled to the relief sought. The writ being addressed *only* to a constable, no authority was conferred upon the marshal to execute it, and all his acts under it were void.

2.  CHANCERY PRACTICE—*that a party has a remedy at law—objection—can not be made for the first time in this court.* The objection, that a complainant has a complete remedy at law, comes too late, when made for the first time in this court.

APPEAL from the Circuit Court of La Salle county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Mr. D. L. HOUGH, for the appellant.

Messrs. BULL & FOLLETT, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court :

One Parkhurst was arrested on a *capias ad respondendum,* issued by Forristal, a justice of the peace, and executed by Keys, as city marshal of La Salle. Hickey, appellant herein, entered himself as special bail, and an execution was afterwards issued against him under the statute, upon a judgment rendered against Parkhurst. He then filed a bill in chancery to enjoin the levy of the execution, upon the ground that the city marshal had no power to make the arrest under the capias, as it was addressed " to any constable of said city." The court below dismissed the bill, and the complainant brings the record here.

In our opinion the complainant was entitled to his decree. There can be no question but that the arrest was illegal. The

writ was issued by Forristal in the capacity of a justice of the peace, and was addressed only to a constable, and the city marshal had no more authority to make an arrest under it than would the sheriff or any private person.

But it is said the complainant has a remedy at law. Without stopping to inquire whether the remedy in this case would be complete at law, it is sufficient to say, that question should have been made in the court below. As it was not made, and as the subject matter of the bill is not foreign to the jurisdiction of a court of equity, the complainant should have had a decree.

The decree is reversed and the cause remanded.

*Decree reversed.*