B. S. PRETTYMAN ET AL

v.

JOSEPH B. IRWIN.

*Equity Jurisdiction—Practice—Sale—Fraud.*

1. The question of jurisdiction to grant relief in equity, if not raised before, will not be considered by this court unless the case be one where chancery would under no circumstances take cognizance of the subject-matter.

2. Upon a bill alleging fraud, this court declines to interfere with a decree for the complainant.

[Opinion filed September 21, 1888.]

Prettyman v. Irwin.

In error to the Circuit Court of Tazewell County; the Hon. S. S. Page, Judge, presiding.

Messrs. William Don Maus and William L. Prettyman, for plaintiffs in error.

Mr. T. N. Green, for defendant in error.

Wall, P. J. Appellants insist upon the fact alleged in the bill that the remedy, if any, was at law, and that there was no jurisdiction to grant relief in equity. The point was not made below, and it comes too late now unless the case be one where chancery would under no circumstances take cognizance of the subject-matter. Stout v. Cook, 41 Ill. 447; Hickey v. Forrestal, 49 Ill. 255; Bd. Supervisors v. Davis, 63 Ill. 405.

Fraud is one of the heads of original equity jurisdiction. With very limited exceptions it may be said that it is the subject of general if not universal jurisdiction in equity concurrent with courts of law in cases cognizable in the latter and exclusive in those beyond the reach of the courts of law. 1 Story's Eq. Jur., Sec. 184.

In the present case fraud is charged and denied in the pleadings and found by the decree. Various considerations are also urged by appellee in support of the position that the remedy at law, if any, was inadequate, and that relief in equity was essential to prevent circuity of action and to fully administer all rights involved, but we deem it unnecessary to dwell upon this branch of the case. The only question really important is, whether the substantial allegations of the bill are sustained by the proof.

We have carefully examined the entire case as presented in the abstract, frequently referring to the record, and after weighing the arguments of both sides we are inclined to agree with the conclusion reached by the Circuit Court. Without discussing the testimony, we need state only the result of our examination. The decree will be affirmed.

*Decree affirmed.*