CHRISTIAN H. BOLLER, Respondent, v. LOUIS COHEN, Defendant; JOSEPH LADENSOHN, Interpleader, Appellant.

### Kansas City Court of Appeals, November 10, 1890.

1. **Attachment**: INTERPLEA: POSSESSION: ONUS PROBANDI. In a contest between plaintiff in an attachment suit and an interpleader, the petition, grounds of attachment, *et id omne genus*, are matters more nearly concerning the defendant and not the interpleader, and the primary question is not whether the property is the defendant's, but the interpleader's; and possession alone of an interpleader would, perhaps, be sufficient basis to attack the attachment as void; but, *quære:* Whether mere naked possession without right is sufficient to maintain an interplea or change the *onus* of proof.

2. **Evidence.** The evidence in this case is *held* quite ample to justify the verdict of the jury.

3. **Instructions**: ISSUES. When the instructions taken together fully present the issues to the jury, this will suffice, even though refused instructions may have contained correct principles of law.

4. **Evidence**: NATURE OF CASE: RELATIONSHIP. The scope of the evidence and the ruling of the trial court thereon must be considered with the nature of the case in its different phases including relationship of the parties, as these matters allow much more latitude of investigation.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

AFFIRMED.

Statement of the case by the court.

L. Ladensohn, interpleader, claims that his wife was the owner of a stock of goods in Illinois, and that she owed him fifteen hundred dollars for money borrowed; that, realizing that she was about to fail, he took goods for his debt and packed them in the basement of the building; that, he then wrote to M. Cohen, his sister, at Kansas City, offering to sell them to her; that she sent the defendant, Lewis Cohen, her husband,

over to Jacksonville and he made the purchase for her; that he, interpleader, took her note for $1,137.10 in payment and took an agreement from her that she would not sell out in the bulk; that she would hire him as a clerk at fifty dollars per month until the note was paid; that the goods were then shipped from Jacksonville, Illinois, to St. Joseph, Missouri, and that while the stores ( there were two of them ) were being run in St. Joseph and goods being purchased ( those sold by plaintiff among others ), he discovered by a transaction with one Lavin that M. Cohen was not intending to deal fairly with him, and that he proceeded to negotiate for the payment of his note, and that M. Cohen thereupon turned over to him the stock and he gave up the note to her. There appears, as figuring in the case, B. Cohen, E. Cohen, I. Cohen, L. Cohen and two or three M. Cohens. Also, B. Ladensohn, H. Ladensohn and J. Ladensohn; also M. Davidson and one Lavin; all appearing by initial. The places involved were Springfield, Jacksonville and Chicago, Illinois; Kansas City and St. Joseph, Missouri; Topeka and Hiawatha, Kansas. The principal, M. Cohen, is the wife of defendant, Louis Cohen, and sister of J. Ladensohn. B. Ladensohn is the wife of J. Ladensohn and H. Ladensohn is his brother. M. Cohen and B. Ladensohn, the wives, conducted the different business enterprises through their respective husbands, L. and J., as managers. There were failures and attachments in Illinois not necessary to mention in detail.

*Woodson & Woodson* and *James & Spencer*, for appellant.

*Vinton Pike*, for respondent.

ELLISON, J.—Plaintiff instituted this action by attachment on an account claimed to be owing him by the defendant. A lot of merchandise was seized, and Joseph Ladensohn filed his interplea claiming the goods as his property. This appeal is by the interpleader,

who failed in the trial court. Perhaps the greater part of interpleader's point of objection to the action of the trial court is, that that court ignored the issues made by plaintiff's "petition," and by the "pleadings." And that plaintiff had been permitted to *recover* the property; and that, if he recovered at all, he should recover on his petition. These points, if misconceived, do away largely with the objections urged as a reason for reversing the judgment. That there is, or has been, a misconception of the scope of the trial on the intervention of a third party claimant and the duty of the trial court in such instances, is quite evident. In such case, the plaintiff does not recover at all, nor are the issues made by the petition in the original suit or the affidavit for the attachment. The petition, the grounds of attachment, the justness of the original claim or the right to an attachment are matters more nearly concerning the defendant to the action, and not the interpleader, who is an outside party permitted to intervene for the purpose of affirmatively claiming as his own the property attached. The question is, shall the interpleader recover? and such recovery must be by affirmatively showing that he is entitled to the property; the *onus* is on him. The primary question is not whether the property is M. Cohen's, but is it interpleader's? *Teichman Com. Co. v. Bank*, 27 Mo. App. 676; see, also, Waples, Attachment, 481-2. Of course, possession should be given its due weight in the determination of this question. Possession, alone, of an interpleader would perhaps be sufficient basis for him to attack the attachment proceedings as being void, or as, on their face, not justifying an attachment. But whether a mere naked possession, without right, is sufficient to maintain an interplea or change the *onus* of proof is not necessary to decide in this case.

To state the facts in detail would require much time and space. We have endeavored to convey a

Boller v. Cohen.

proper idea of the case by the statement. There is presented such a labyrinth of matter, consisting of sales, credits, debts, failures, attachments, going in and going out of business, among such confusing names and kinships, at such variety of places and under circumstances so novel, that the unraveling, if not difficult, has been quite tedious. It is enough to say that the evidence was quite ample to justify the verdict of the jury; indeed, we are not able to see how any other result could have reasonably been reached.

Complaint is, however, made as to rulings on testimony and instructions. The instructions cover nearly ten printed pages, and will not be set out here. We have examined them and find that, when taken together in the light of the evidence in the cause, the action of the court was proper enough. Two, given for interpleader, were interlined by the court, and we do not see where such interlineation worked any injury. Considering those given for both parties, we find the issue fully presented to the jury. This will suffice, even though others refused may have contained correct principles of law.

The scope of the evidence, and the ruling of the trial court thereon, must be considered with the nature of the case in its different phases, including the relationship of the parties. Such cases demand, and should be allowed, much more latitude of investigation than is otherwise permitted.

Objection was made to certain portions of the depositions offered by plaintiff. Several portions of the depositions appear to be marked by lines or crosses on the margin, but we have only considered that portion to have an objection, and a reason therefor, which is marked. We do not find any error in the rulings in this respect justifying a reversal of the judgment. The judgment being clearly for the right party, it is affirmed. All concur.