GEORGE FRIAR, Appellant, v. ROLLIN MCNAMA,
Defendant; T. L. MCGUIRE, Interpleader,
Respondent.

Kansas City Court of Appeals, May 3, 1897.

1. **Attachment**: JUSTICES' COURTS: SERVICE OF WRIT: CONSTABLE.
Where the property to be attached is located in the township adjoin-
ing the justice's township, the writ can be directed to the constable
of either township and the one to whom it is directed alone has au-
thority to levy, and service by the constable of the other township is
trespass.

2. ———: INTERPLEADER: WRONGFUL LEVY. An interpleader having
possession of the attached property and claiming the same as pur-
chaser from the attachment defendant must prevail over an attach-
ing plaintiff whose writ was levied by an officer to whom it was not
directed.

*Appeal from the Boone Circuit Court.*—HON. J. A.
HOCKADAY, Judge.

AFFIRMED.

*E. C. Kennen* and *W. W. Fry* for appellant.

(1) The court erred in admitting in evidence the
writ of attachment and the return thereon, as the inter-
pleader must recover on the strength of his own title
and not the weakness or defects in the title of the op-
posing party, and the writ of attachment could in no
way show or tend to show title in the interpleader.
*Albert v. Besel*, 88 Mo. 150; *Kennedy v. Dodson*, 44 Mo.
App. 550; *Rhoades v. McNulty*, 52 Mo. App. 301. (2)
The court erred in overruling plaintiff's demurrer to the
evidence, in that the evidence showed that there had
been no such actual and continued change of posses-

sion as the law requires, from the defendant in attachment to interpleader. R. S. 1889, sec. 5178; *Stewart v. Nelson*, 79 Mo. 524; *State ex rel. v. Durant*, 53 Mo. App. 493; *Wright v. McCormick*, 67 Mo. 426. (3) The court erred in giving the peremptory instruction directing the jury to find for the interpleader "because the evidence discloses the fact that the justice had no jurisdiction," because if the interpleader's claim as to defects in the service of the writ was true, it would still be a question for the jury as to how and by whom the writ was served, and the plaintiff's evidence might have shown facts that would cure the alleged defects. *Hicks v. Chouteau*, 12 Mo. 341. The evidence may be all one way yet the court has no right to tell the jury they must believe such evidence. *Gregory v. Chambers*, 78 Mo. 294; *Wolf v. Campbell*, 110 Mo. 120; Waples on Attachment, p. 485. (4) An interpleader must recover, if at all, solely on the strength of his own title. It is well settled that when the interpleader set up in his interplea a claim of general ownership to the attached property the sole issue is whether or not the attached property belongs to the interpleader. *Beck v. Wisely*, 63 Mo. App. 242, 243; *Nolan v. Deutsch*, 23 Mo. App. 1; *Engine Co. v. Glasier*, 55 Mo. App. 96; *Boller v. Cohen*, 42 Mo. App. 97–99; *Ladd v. Couzins*, 35 Mo. 513; R. S. 1889, sec. 572; Waples on Attachment, pp. 482, 483; *Wilson v. Braden*, 57 Mo. App. 317; *Kennedy v. Dodson*, 44 Mo. App. 550; *Bank v. Water Co.*, 58 Mo. App. 532; *Teichman v. Bank*, 27 Mo. App. 676. (5) Respondent's claim is that the writ of attachment was issued to the constable of Prairie township, and served by the constable of Linn township, and for that reason the court acquired no jurisdiction over the property and therefore the interpleader was entitled to a judgment for the property. *First*, we insist that un-

der such circumstances such issue can not be raised by an interplea. See cases cited *supra*. *Second*, constables may serve writs of attachment "throughout their respective counties." R. S. 1889, secs. 2380, 591, and 6130; *Bick v. Wilkerson*, 62 Mo. App. 31; *Alexander v. Eberhardt*, 35 Mo. 475; *Doan, King & Co. v. Boley & Moore*, 38 Mo. 449; *State v. Pollock*, 49 Mo. 445. The constable of Linn township had the right to serve writ of attachment issued from justice of Prairie township. *Third*, the statute providing that justices should issue their process to the constable of the township in which they reside is merely directory and a writ improperly directed is not a jurisdictional defect. R. S. 1889, sec. 6145; *Bick v. Wilkerson*, 62 Mo. App. 31; *Alexander v. Eberhardt*, 35 Mo. 475; *Doan, King & Co. v. Boley & Moore*, 38 Mo. 449; Waples on Attachment, p. 141. (6) There is no pretense in the case that the interpleader was in any way prejudiced, or that he was deprived of any opportunity to make any claim he had to the property by reason of the defective service of the writ, if defective it was. The courts hold that in such cases any irregularity like that complained of here is cured by the statutes of jeofails. Our courts are inclined to give the statutes a liberal construction, and to treat such provisions as directory rather than mandatory. R. S. 1889, sec. 6299; *Bick v. Wilkerson*, 62 Mo. App. 32, 33; *Warren v. Pertels*, 63 Ga. 428; *Ware v. Todd*, 1 Ala. 199; *Sawyer v. Pierce*, 6 Ala. 285; *Alexander v. Eberhardt*, 35 Mo. 475; Waples on Attachment, 141; 22 Am. and Eng. Ency. of Law, pp. 202, 203, note 8.

*Edmonston & Cullen* for respondent.

(1) The issue raised by an interplea is the same as the issue in replevin against an officer seizing per-

sonal property under attachment, and involves the question of ownership of the chattel and the right of the officer to seize and hold it under his writ.   *State ex rel. v. Barker*,  26 Mo. App. 487; *Spooner v. Ross*, 24 Mo. App. 599; *Paper Co. v. Morgan*, 60 Mo. App. 76; *Henser v. Beck*,  55 Mo. App. 668.  (2) In the replevin against an officer in order  to show a superior right, after plaintiff has made  a *prima facie* case, defendant must prove that a petition, affidavit, and bond as required by statute were filed in a  court of competent jurisdiction and produce a valid writ of attachment upon which return has been duly made and make proof of the debt.   To show a superior claim against interpleader it is obvious the same must be done. *Kendall v. Bain*, 46 Mo. App. 592; *S. Grocery Co. v. Shackelford*, 56 Mo. App. 645; *Clarke v. Laird*, 60 Mo. App. 294.  (3)  An interpleader, after proving that he has an interest in property taken from him by process, can show that the plaintiff has no superior right to it by showing that the officer who seized it has no right to hold it, and to show this can prove anything proper to be proved in an  action of replevin against an officer.   *Boller v. Cohen*, 42 Mo. App. 99; *Beck v. Wisely*, 52 Mo. App. 242; *Dickinson v. Cowley*, 15 Kan. 269; *Copeland v. Peidmont*, 17 S. C. 116; *Wells v. Piedmont*, Id. 120; *McCornich v. Calliver*, 75 Iowa, 559; *Desmond v. Levy*, 12 S. Rep. (Miss.) 481. (4) By voluntarily making himself a party to the attachment interpleader does not and can not admit the validity of the attachment proceedings.   Interplea is a separate, independent and distinct suit.   The record in the attachment cases is no part of the record in the interpleader's suit.   *Brennan v. O'Driscall*, 33 Mo. 372; *Wolf v. Verte*, 17 Mo. App. 37; *Crow v. Stephens*, 44 Mo. App. 737; *Ladd v. Couzin*, 35 Mo. 516; *Burgert v. Borchert*, 59 Mo. 85.  (5)  A stranger to proceedings

by which it is sought to take property belonging to such stranger has the right under the decisions to attack them in any way. *Burgert v. Borchert*, 59 Mo. 85; *Russell v. Grant*, 122 Mo. 161; *Griffith v. Gilliam*, 31 Mo. App. 33; *Magill v. Wallace*, 22 Mo. App. 675; *Henry v. Woods*, 77 Mo. 277; *Clay Works v. Ellison*, 30 Mo. App. 69-75. (6) Interpleader's evidence showed he was the owner of the property and that it was in his open and visible possession and there was no error in refusing the demurrer. *State ex rel. v. Castell*, 51 Mo. App. 143; *Dyer v. Balsley*, 40 Mo. App. 559; *Sharpless v. Derr*, 62 Mo. App. 359; *Harrison v. Foster*, 62 Mo. App. 603. (7) It is true that interpleader must recover on the strength of his own title. His title is the sale from McNama. This he proved; it does not follow that because he must recover on the strength of his own title that he is precluded from showing the entire failure of title in the interpleader. *Schorf v. Meyer*, 133 Mo. 444; *Burch v. Wood*, 124 Mo. 78, authorities cited; *Grocer v. Shackelford*, 56 Mo. App. 642; *Scott v. Riley*, 49 Mo. App. 257; *Boyles v. LaFaivere*, 37 Mo. 119. (8) The writ of attachment having been directed to the constable of Prairie township and served by the constable of Linn, no authority was lawfully conferred on the officer serving the writ to take the property, and said property having been taken from interpleader *colore officii* it was the duty of the court to undo the wrong and place interpleader in the same position he was before, irrespective of the real rights of the parties, and for the purpose of so doing the court had jurisdiction. *Barley v. Tipton*, 29 Mo. 206; *Halloway v. Arnold*, 95 Mo. 296-299; *Kidd v. Johnson*, 49 Mo. App. 486. (9) The writ and return to the same show affirmatively that plaintiff is a mere trespasser. R. S. 1889, secs. 591, 2381; 2 R. S. 1889, secs. 6127, 6145; *Barley v. Tipton*, 29 Mo. 206;

*Fletcher v. Wear*, 81 Mo. 524; *Hickey v. Forristal*, 49 Ill. 255; *Pattull v. Brown*, 84 Ga. 338; *Callaway v. Harrold*, 61 Ga. 111; *Arnold v. Wynn*, 26 Miss. 338; *Rudd v. Thompson*, 22 Ark. 363; *Schwabocker v. Reily*, 2 Dill. (U. S.) 127; *Republican v. Sawyer*, 13 Neb. 280; *Brauner v. Chapman*, 11 Kan. 118. (10) The return does not show that the property levied upon was located or that the defendant resided in the township of the justice issuing the writ or any adjoining township. One of these alternatives must appear affirmatively (sec. 6127), as a justice's court is one of inferior jurisdiction and everything must be made to appear affirmatively. *State ex rel. v. Co. Ct.*, 66 Mo. App. 96; *Corrigan v. Morris*, 43 Mo. App. 456; *Wise v. Loring*, 54 Mo. App. 259, opinion by ROMBAUER, J.; *Rohland v. Railroad*, 89 Mo. 180; *Ex parte O'Brien*, 127 Mo. 488.

GILL, J.—Friar sued McNama in attachment. The action was brought before a justice of the peace of Prairie township in Audrain county, who issued an attachment writ directed to "the constable of Prairie township" in said Audrain county. The writ seems to have been served by one Uzzell, constable of Linn township, who, according to his return, levied on certain personal property which was at the time in the possession of McGuire, the interpleader. The latter made claim to the property and filed his interplea.

STATEMENT.

At the trial in the Boone circuit court, where the cause was taken by change of venue, the court directed a verdict for the interpleader, and from a judgment in accordance therewith plaintiff appealed.

In our opinion the circuit court ruled correctly, and the judgment must therefore be affirmed. The case as made by the record shows the constable of Linn

township to have been a mere trespasser. He under-
took to serve process not directed to him; the attach-
ment writ commanded "the constable of *Prairie town-
ship* in the county of Audrain" to attach the property
of the defendant McNama. This writ, therefore, would
furnish no authority to the constable of another and
different township, because he was not selected and
named as the officer to serve the same. The statute
(section 591, Revised Statutes, 1889) provides that
"writs of attachment shall be issued and returned in
like time and manner as ordinary writs of summons,
but may be served by the officer *to whom they are
directed*, in any township in the county in which the
suit is instituted." And further it is provided that
constables may serve writs of attachment anywhere
throughout their counties. Sec. 2380.

Further provision is also made in section 2381 for
cases where the officer is incapacitated from serving the
process, wherein it is provided that in case of a vacancy
in the office of constable in any township or when the
constable is interested in or is a party to the suit, or
when such constable refuses to act, the writ may be
executed by the constable of an adjoining township *"to
be designated by the justice issuing such process."* The
proof here shows that there was an acting constable in
Prairie township at the time the justice issued the writ,
who was ready to perform the duties, and that he was
not a party or in anyway interested in the suit; and, as
already stated, the writ shows that the justice *directed*
this constable of Prairie township to serve the process.

Since Prairie and Linn were adjoining townships
of the same county, and the property to be attached
was located in the latter township, the jus-
ATTACHMENT: tice had jurisdiction (section 6127); and
justices' courts:
service of writ: it was proper for the justice, if he saw fit,
constable.
to direct a writ to the constable of either

township. The selection was made and the constable of Prairie township was designated. He alone, then, was authorized to serve the process, and the action by the constable of Linn township in making the levy should be treated as that of an ordinary trespasser. *Barley v. Tipton*, 29 Mo. 206; *Hickey v. Forristal*, 49 Ill. 255; *Callaway v. Harrold*, 61 Ga. 111; *Rudd v. Thompson*, 22 Ark. 363; *Arnold v. Wynn*, 26 Miss. 338; *Schwabocker v. Reilly*, 2 Dill. (U. S.) 127.

This being so, then it is clear that as the interpleader had prior possession of the property attached, claiming the same as a purchaser from the ——: interpleader: wrongful levy. defendant in the attachment suit, he must prevail over the party who wrongfully took it from his possession. The interpleader's title is good until a better is shown. Wells on Replevin, secs. 109 and 110; *Springfield Grocer Co. v. Shackelford*, 56 Mo. App. 642; *Clarke v. Laird*, 60 Mo. App. 290; *Boller v. Cohen*, 42 Mo. App. 97.

Other matters discussed in plaintiff's brief are immaterial or have no bearing on the controversy; the foregoing disposes of the case. On the record the judgment is for the right party and will be affirmed. All concur.