HENRY ORTMEIER

*v.*

PATRICK IVORY.

*Opinion filed April 20, 1904.*

1. PRINCIPAL AND AGENT—*proof of broker's authority to make loan does not show. authority to receive payment.* Proof of authority to a broker to loan money does not establish authority to receive payment of either the principal or interest.

2. SAME—*what does not show that broker was lender's agent.* That the borrower paid the interest to the broker who made the loan, who in turn paid it over to the lender, does not show the broker was the lender's agent to receive the principal, although it does not appear either party paid him anything for handling interest.

3. APPEALS AND ERRORS—*questions should be raised in trial court to be reviewable on appeal.* Although exceptions to rulings of the court in a chancery case are unnecessary and improper, yet the record must show that questions presented in the court of review were involved in the suit below and adverse rulings made thereon.

*Ortmeier* v. *Ivory,* 109 Ill. App. 361, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Jo Daviess county; the Hon. JAMES S. BAUME, Judge, presiding.

On September 26, 1901, Patrick Ivory, the appellee, filed a bill in the circuit court of Jo Daviess county to foreclose a mortgage upon certain lands in that county. Henry Ortmeier, Lotta Ortmeier, Martin M. Mitchell, Luther Geddings, August Gerke and Herman Janssen were made parties defendant. The complainant afterwards dismissed his bill as to the defendants Martin Mitchell and Luther Geddings. The remaining defendants answered the bill, alleging that the mortgage indebtedness had been fully paid, to which answer the complainant filed a replication. August Gerke filed a cross-bill praying that Patrick Ivory be decreed to deliver up the mortgage and release the same on the records in the recorder's office. Complainant answered the

208—37

cross-bill and Gerke replied to the answer. Later Gerke died and his executor was substituted. The evidence was heard by the chancellor in open court, and a decree was rendered in favor of the appellee, ordering a sale of the premises described in the bill unless the mortgage indebtedness, interest and costs should be paid within thirty days. Henry Ortmeier prosecuted an appeal from this decree to the Appellate Court for the Second District, where the decree was affirmed, and he now appeals to this court.

The facts in the case are substantially as follows: Appellant applied to Louis Rowley, a real estate agent, for a loan of $1200. Appellee had previously told Rowley that he had $1200 to loan and had requested Rowley to find a borrower for that amount. Rowley loaned the money to appellant, taking as security therefor a note dated May 4, 1894, due three years after date, with interest at six per cent, payable to Patrick Ivory at the Galena National Bank, and secured by a real estate mortgage. A short time afterwards Rowley turned the note and mortgage over to appellee, receiving therefor from appellee $1200, the principal of the note. Ortmeier paid Rowley $12 for obtaining this loan for him, but Rowley made no charge against Ivory for anything done in connection with the transaction. At the time Ortmeier delivered the note and mortgage to Rowley, the latter gave to Ortmeier his business card and told him to send the interest and principal to him. For four years thereafter Ortmeier sent the interest to Rowley annually, and when received Rowley notified appellee of the fact, and appellee sent one of his sons to Rowley with the note. Rowley paid the money to the son, took a receipt therefor and credited the amount on the back of the note, and the money and note were then taken by this son to appellee and Rowley sent Ortmeier the receipt. On April 29, 1899, Ortmeier sent Rowley the interest due the following May and also $700 of the principal, and the latter

wrote him, stating that he might retain the balance of the money another year and enclosing a receipt for the remittance, signed "Patrick Ivory, per R." Rowley only paid the interest to Ivory, and said nothing about receiving any part of the principal. On February 20, 1900, Ortmeier went to Rowley's office and paid the balance of the principal, $500, together with interest in full. Ortmeier informed Rowley that he was about to sell his farm and move away. Rowley did not have the note and mortgage, those papers being in the possession of Ivory, but promised to get them, and suggested to Ortmeier that he had better leave them with Rowley until after Ortmeier had moved, to which he agreed. Rowley gave Ortmeier his personal receipt for this payment, specifying in the receipt for the $500 that it was in full of Ivory's note. Rowley prepared a deed from Ortmeier to Gerke, the purchaser of the land, and also prepared an abstract showing the Ivory mortgage satisfied. Ortmeier paid for drawing the deed and Gerke paid for the abstract. On May 5, 1900, Rowley paid to Ivory $72 as the annual interest on the note, saying nothing to him about the principal or any part thereof being paid, and had it credited on the note. Between May 4, 1900, and May 4, 1901, Rowley died without having paid to appellee the principal of the note and without informing him that he had received it. In May, 1901, Ivory wrote to Ortmeier informing him that the interest was due and referring to the death of Rowley. Ortmeier did not reply to this letter, and on June 12, 1900, appellee again wrote to appellant demanding the interest. Appellant answered this letter, replying that he did not owe Ivory anything.

On March 2, 1900, Gerke, having secured the deed above referred to from Ortmeier, mortgaged the land to Herman Janssen to secure a note for $3400.

Rowley had negotiated five other loans for Ivory besides this one, and had collected and paid to Ivory the interest in practically the same manner as he did in the

Ortmeier loan. There is, however, no evidence, other than the fact of receiving and paying money to Ivory, to show that he was acting as Ivory's agent in collecting those loans. One of the loans was made to King, who was a witness on the trial of this cause for appellant, and he testified that in obtaining his loan Rowley was acting as his agent and that he paid him for his services.

The only reasons urged by appellant for reversing the judgment of the Appellate Court are, that the evidence shows that Rowley was the agent of Ivory and had authority to receive and collect the principal of the note; that the mortgage was satisfied by the payment of the $1200 and interest to Rowley, and that the court erred in not dismissing the bill as to the wife of appellant and Gerke's executor, and in not adjudging costs occasioned in making them parties against appellee.

M. H. CLEARY, for appellant.

SHEEAN & SHEEAN, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The evidence is not sufficient to show that Louis A. Rowley was the agent of Patrick Ivory to collect. It appears that Ivory told him he had $1200 to loan, and requested him to find a place for it. Shortly afterward Ortmeier applied to Rowley for a loan, and Rowley took his note for $1200, payable to Ivory, secured by a real estate mortgage. When Ortmeier delivered his note and mortgage to Rowley the latter paid over the money, and Ivory did not part with his funds until Rowley delivered the note and mortgage to him at a later time. It would appear, therefore, that Rowley advanced his own money to Ortmeier in the first instance. Rowley directed Ortmeier to make remittances of interest and principal to him, and Ortmeier did so by mail, and the interest payments were in turn paid by Rowley to Ivory, but the prin-

cipal, when paid, he embezzled. It is shown that in other instances where Rowley had loaned the money of Ivory, the same course had been pursued in making payments except that no other misappropriation appears. Ivory swears that Rowley never was his agent for any purpose, and the other evidence in the case is entirely consistent therewith, so far as the existence of any right to collect Ivory's money is concerned. There is no evidence that Ivory ever placed any money in Rowley's possession to be loaned, or that Rowley ever had possession of any of the evidences of indebtedness after the money loaned thereon by Ivory had passed out of the hands of the latter. The fact that Rowley received money from the borrowers and paid it to Ivory, and that Ivory requested Rowley to notify Ortmeier when the interest was due and after the death of Rowley wrote Ortmeier of his decease, and requested the debtor, in view thereof, to remit to him, Ivory, consists as well with the theory that Rowley was the agent of the borrower as with appellant's contention that he was the agent of the lender. We think the conclusion warranted that such payments were made through Rowley by the borrowers at his solicitation, his purpose being thus to keep in touch with both borrower and lender for the purpose of promoting the loan brokerage carried on by him, and under such circumstances he would be acting as the agent of the borrower in receiving the payments. It does not appear that either party ever paid him anything for his services in collecting money and turning the same over to the mortgagee.

Viewing this evidence from the standpoint of appellant, the most that can be said is, that it tends to prove that Rowley was Ivory's agent to make the loan in the first instance, but proof of authority to make the loan is not evidence of authority to collect either principal or interest. *Cooley* v. *Willard*, 34 Ill. 68; *Thompson* v. *Elliott*, 73 id. 221; *Fortune* v. *Stockton*, 182 id. 454.

Lotta Ortmeier, the wife of appellant, and Dow, the executor of Gerke, appellant's grantee, were made defendants. It is now assigned as error that the court should have dismissed the bill as to them and adjudged the costs occasioned by making them parties against appellee. As suggested by counsel, an exception to a ruling of the court is both unnecessary and improper in chancery, but it is necessary to show by the record that any question presented in a court of review was involved in the suit below and an adverse ruling made there. It does not so appear here.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*