## C. T. Bailey, Appellee, v. Murray R. Walters and Sallie A. Walters, Appellants.

1. BILLS AND NOTES, § 293*—*when payment of note by maker is at his peril.* When a maker of a negotiable promissory note pays the amount thereof to a person who has not the note in his possession, he does so at his own peril.

2. BROKERS, § 9*—*what does not show authority of loan broker to receive payment.* Proof of authority to a broker to loan money does not establish authority to receive payment of either the principal or interest, and proof that a broker who made a loan received the interest from the borrower and paid it to the holder does not show that the broker was authorized to receive payment of the principal.

3. PRINCIPAL AND AGENT, § 97*—*what is essential to hold principal for unauthorized acts of agent.* While it is true that a principal may be bound to the extent of the apparent authority which he had conferred upon his agent by holding him out to the public as possessing such authority, and thus causing others to believe that the agent had greater powers than those actually conferred, yet the acts which amount to such representation of the agent's authority must be known to the party seeking to avail himself of them.

4. BILLS AND NOTES, § 293*—*when payment to loan broker is no defense to action by holder.* Where the makers of a promissory note, payable to themselves and indorsed by them, delivered it to a loan broker, from whom they had obtained a loan, together with

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a mortgage to such broker securing the loan, and thereafter paid the interest and principal to the broker who did not have possession of the note and mortgage, he having delivered them to the party who, unknown to the makers, had furnished the money loaned, *held* that the makers were liable for the entire principal and interest in a suit by the party who furnished the money, the agent having misappropriated the money paid him by the defendant.

5.  PRINCIPAL AND AGENT, § 242*—*when evidence is not admissible to prove agency of loan broker to receive payment of principal.* Where makers of a promissory note, payable to themselves and indorsed by them, delivered it to a loan broker, from whom they had obtained a loan, together with a mortgage to such brokers securing the loan, and thereafter paid the interest and principal to the broker who did not have possession of the note and mortgage, he having delivered them to the party who, unknown to the makers, had furnished the money loaned, *held*, in an action by the holder of the note and mortgage for the amount due thereon, the payments by the makers to the broker having been misappropriated by the latter, that letters comprising correspondence between the broker and the holder of the note concerning their business transactions for a number of years prior to the negotiation of the loan in question, which were sought to be introduced in evidence on the theory that they tended to prove the broker's agency and authority in making the loan for the holder and receiving in payment therefor, were properly refused admittance for the reason that there was nothing in the record tending to show that the makers had at any time any knowledge of such acts of agency.

Appeal from the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916.

T. N. COFER and A. C. ANDERSON, for appellants.

ISAAC B. CRAIG and FRED A. KINZEL, for appellee; JOHN H. CHADWICK, of counsel.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is an action in assumpsit brought by appellee against appellants to recover on a promissory note for the principal sum of $2,000 and interest from July 1,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1913. On motion of appellee made at the close of appellants' evidence, the court excluded the evidence and directed the jury to find its verdict in his favor and against appellants for the sum of $2,322.37. On this verdict judgment was entered, to reverse which this appeal is prosecuted.

Appellants are husband and wife, and in January, 1907, desiring to obtain a farm loan on a tract of land comprising forty acres in Coles county, Illinois, applied to R. and R. C. Alexander to procure the same for them. This firm procured the loan from U. T. S. Rice, who paid over the money by his individual check. To secure the loan appellants executed a promissory note dated January 24, 1907, for the principal sum of $2,000 payable to the order of "myself" in the office of U. T. S. Rice, Mattoon, Illinois (or at such other place as U. T. S. Rice, trustee, or successor in trust, may from time to time in writing designate), with interest at the rate of five per cent. per annum according to ten interest notes with the privilege of paying in sums of $100 or its multiple at any interest period after two years. The note recites that it is secured by deed of trust, executed by appellants to Rice as trustee, conveying said real estate in Coles county, and is indorsed on the back by each of appellants. Rice was a dealer in farm loans at Mattoon, Illinois, and appellants paid the interest on the note to him as it became due and also paid several instalments on the principal at different times, until on June 30, 1910, there was a balance due on the note of $900. On this day Mrs. Walters took the money to Rice and demanded possession of the principal note and trust deed, whereupon Rice executed a release of the trust deed and stated that the note and trust deed were not in his possession but that he would get them and send them to appellants by mail.

The evidence shows that for several years appellee had been purchasing notes secured by farm mortgages

from Rice and that Rice would generally, when he had an application for a loan, notify appellee, who, if he approved of the loan, would send the money to Rice and the latter carried on the transaction, and closed the deal in his own name. When the interest became due appellee would send the interest coupon notes to Rice who would receive payment thereof and remit the same to appellee, although sometimes he would send the coupons to a bank for collection. It also appears that when the principal note was paid to Rice he would notify appellee, who would send the note and mortgage to the former to be delivered to the maker. It does not appear that in any of these transactions between Rice and appellee that the latter's name ever appeared in the security.

The sums paid by appellants to Rice on the principal of the note in question were never remitted by Rice to appellee but were appropriated by Rice to his own use. Neither of appellants ever heard or knew of appellee until suit was brought against them to recover the amount of the note. Appellants contend that Rice was the agent of appellee in the making of this loan and as such agent was authorized by appellee to receive payments on the principal of the note. It is a familiar rule that when a maker of a negotiable note pays the amount thereof to a person who has not the note in his possession, he does so at his own peril. *Keohane v. Smith,* 97 Ill. 157; *Fortune v. Stockton,* 182 Ill. 454; *Ortmeier v. Ivory,* 208 Ill. 577. It has been also uniformly held that proof of authority to a broker to loan money does not establish authority to receive payment of either the principal or interest, and proof that the broker who made the loan received the interest from the borrower and paid it to the holder does not show that the broker was authorized to receive payment of the principal. *Ortmeier v. Ivory, supra.* While it is true that a principal may be bound to the

extent of the apparent authority which he has conferred upon his agent by holding him out to the public as possessing such authority, and thus causing others to believe that the agent has greater powers than those actually conferred, yet the acts which amount to such representation of the agent's authority must be known to the party seeking to avail himself of them. In this case appellant had no knowledge that there ever was such a person as appellee until this suit was brought. They believed that Rice was the owner and holder of the note and trust deed and therefore in paying the principal to him could not have relied upon and presumed authority in Rice to accept payments of the principal of this note as the agent of appellee. In the case of *Merchants' Nat. Bank of Peoria v. Nichols & Shepard Co.*, 223 Ill. 41, it was held: "A party dealing with an agent must prove that the facts giving color to the agency were known to him when he dealt with the agent. If he has no knowledge of such facts he does not act in reliance upon them and is in no position to claim anything on account of them." Nor does the fact that the agent was also named as trustee in the trust deed and received the payment of the notes and released the trust deed when he did not have the notes in his possession, and without knowledge of the payee, create a presumption that he had authority to receive payment. *Fortune v. Stockton, supra; Stiger v. Bent,* 111 Ill. 328.

Appellants sought to introduce a large number of letters comprising a correspondence had between Rice and appellee concerning their business transactions for a number of years, on the theory that they tended to prove Rice's agency and authority in making loans for appellee and receiving payment thereof. The court properly refused to admit this evidence for the reason that there was nothing in the record tending to show that appellants had at any time any knowledge

of such acts of agency. The judgment of the trial court is affirmed.

*Affirmed.*