Thomas D. Masters, Appellee, v. Edgar Lee Masters et al. Edgar Lee Masters, Appellant.

### Gen. No. 8,161.

Opinion filed February 8, 1928.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD and ROBERT B. CHIPERFIELD, for appellant.

WALTER T. DAY, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal from the final order of distribution entered by the circuit court of Sangamon county on June 13, 1927, in the partition case of Thomas D. Masters vs. Edgar Lee Masters, Madeline Masters

Stone, S. S. Thayer and Harry P. Jones, administrator of the estate of Emma J. Masters, deceased. It is the contention of the appellant that the order should be reversed for the certain reasons which are embodied in the assignments of error. The assignments of error are as follows:

"(1) The circuit court of Sangamon county, after entering its order on June 4, 1927, confirming the master's report of final distribution, discharging said master from further liability, and striking this cause, was without further jurisdiction or authority to enter any subsequent order of distribution in said cause on June 13, 1927.

"(2) The circuit court of Sangamon county erred in granting any relief to Harry P. Jones, administrator of the estate of Emma J. Masters, deceased, for reimbursement on account of a deficit of assets to pay claims and costs of administration as administrator of the estate of Emma J. Masters, deceased, for the reason that the decree of partition in this cause found there was sufficient personal property in the hands of said administrator with which to adjust and pay the same, which is *res adjudicata,* and said court was without power or authority to make any further allowance for the payment thereof.

"(3) The circuit court of Sangamon county erred in making in its order of June 13, 1927 any provision for the payment to Helen J. Masters, intervenor, of any sum whatsoever based upon her intervening petition, as said matter had been previously made the subject of a final order and decree entered in said cause on her petition.

"(4) The circuit court of Sangamon county erred in directing that the distributive share of appellant in the proceeds of the sale under the decree for partition should, after the making of the order of distribution entered on June 13th, 1927, be retained in the custody of the court.

"(5) The circuit court of Sangamon county erred in allowing the master in chancery the sum of $251.80 as his costs and stenographer's costs in said suit without requiring the production of evidence heard by said court as to the reasonableness and the legality thereof."

Concerning the first assignment of error, the record discloses that the so-called order of final distribution referred to was final only in so far as it concerned the master in chancery who made the report which the order approved, inasmuch as the master was about to retire from the office of master in chancery and therefore turned over the net proceeds of the master's sale, amounting to $9,587.75, to the special master who had succeeded him in the case for a final distribution among the parties in interest in due course of the proceeding. It is true that at the end of the order confirming this report of distribution the words appear "and this cause is stricken." But the adding of these words to the order was obviously a mere inadvertence, and the court did not thereby lose jurisdiction to enter subsequent orders to make further and final distribution among the parties in interest. *Frederick v. Connecticut River Sav. Bank,* 106 Ill. 147.

Concerning the second assignment of error, the record discloses that Harry P. Jones, administrator of the estate of Emma J. Masters, deceased, on the 5th day of June, 1927, filed a petition setting forth the financial condition of his decedent's estate which showed a deficiency in the personal estate of $59.97, and the petition was verified by affidavit of the petitioner, and the court upon the verified petition ordered that the master in chancery pay over to the administrator the sum of $59.97 to cover this deficiency. The appellant made no objection to the filing of the petition, nor to the order.

The third and fourth assignments of error concern direction in the order for the retention of the share of

the appellant, Edgar Lee Masters, by the master until the final disposition of the appeal taken by him from the decree of the court directing his share be paid over to Helen J. Masters in accordance with the prayer of her intervening petition. The appellant made no objection to this part of the order nor raised any question about the legal propriety of the order.

In reference to the fifth assignment of error, which concerns the item of the master in chancery's fees and stenographer's costs in the partition case, the record discloses that he reported these fees with the other costs to the court, and that they were approved and allowed by the court as proper charges against the proceeds of the sale. No objection was made by appellant or filed against the order of approval and allowance; nor was there any question raised at any time in the court below concerning the legal propriety of the allowance and the approval of the same. What was said in the case of *Lowden v. Wilson,* 166 Ill. App. 320, appears to be specially pertinent to this assignment of error: ''Appellant's attack here is directed solely against the item of costs designated in the fee bill as 'master's fees, $150.00.' The record does not disclose the ground of attack upon the fee bill in the court below. For aught that appears, the report of the master conformed in every particular with the requirements of proper practice in the statement of his claim for fees, and in that event, the decree, directing the clerk to tax the costs embodied in said report, was sufficiently specific and amounted to an adjudication by the court, upon an inspection of the report, that the claim of the master was just and proper.'' None of the questions which are embodied in the assignments of error above set forth and urged for reversal of the order appealed from were raised in the court below in any way, and no ruling was made thereon by the court. The record therefore does not disclose anything for review by this court. In this condition of

the record the general rule announced in *Ortmeier v. Ivory,* 208 Ill. 577, is applicable: "As suggested by counsel, an exception to a ruling of the court is both unnecessary and improper in chancery, but it is necessary to show by the record that any question presented in a court of review was involved in the suit below and an adverse ruling made there." This general rule has been repeatedly emphasized in particular cases. *Hart v. Oliver,* 296 Ill. 209; *Smith v. Love,* 286 Ill. 570; *Hickey v. Forristal,* 49 Ill. 255.

For the reasons stated, the decree is affirmed.

*Affirmed.*